# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**TRACY RILEY**
    **Complainant,**

**VERSUS**

**OFFICE OF ALCOHOL AND TOBACCO** CONTROL **OF THE LOUISIANA  DEPARTMENT OF REVENUE (ATC), Former Commissioner Troy Hebert, Individually and in his former official capacity as Alcohol Tobacco Control Commissioner; Jessica Starns in her capacity as Attorney for Louisiana Alcohol and Tobacco Control; Robert Watters, Ricks Cabaret, and the French Quarter Management District (FQMD); Nicole Webre in her capacity as Legal Director for Kirsten Palmer New Orleans City Councilmember;  Harry Mahoney and Jason Mahoney; Jessica Sparrow and David Halpern and the McGlinchey Stafford Law Firm; ATC Head Agent Jefferey Barthelemy, Jeremy Deblieux and the  Acme Oyster House and French Quarter Business Association (FQBA), City of New Orleans and City Councilmember Kristen Palmer, Robert Biederman Landlords National Attorney, Emily Cassidy (ATC), Robert Rizzuto and The House of Blues, Louis Faust and Southern Insurance Agency and the French Quarter Management District, Carol Allen and the Vieux Carre Property**

**CIVIL ACTION 18- 6984**

**SECT. R MAG. 3**

**NO.:**

**SECTION:**

**DIVISION:**

**JURY      TRIAL REQUESTED**

X Fee Pauper
___ Process
X Dktd
___ CtRmDep
___ Doc. No.

Owners and Residents Association
(VCPORA), Bobby Jindal Former
Governor of Louisiana, Jared Munster
and City of New Orleans Safety and
Permits, Larry Hedorffer and City of New
Orleans Vieux Carre Commission, and
Meg Lousteau and Vieux Carre Property
Owners and Residents Association,
Adrience M. Monroe and Bienville House,
Daniel Altenloh, Dianna Canahuati and
Attiki Bar and Grill, Edward Shedlock,
Martin Doherty and Ryans Irish Pub,
Remi Freji, Rosoliana Todaro, Lydia
Frazier, and Brian Furness, Reed Neelis
and First Bank and Trust, Adrienne
Thomas and New Orleans Steamboat Co.,
E Adler and Adler's Jewelry, Nancy Tusa
and What's New Home Accessories,
Sydney Anderson and Sydney Anderson
Realty, Drew Bevolo and Bevolo Gas and
Electric Lighting, Arnold Cooper and
Cooper Arnold Real Estate Inc, Bryan
Francher and Francher Perrin Group, Pat
McDonanld Fowler and Aunt Sally's
Original Creole Pralines,  Dr. Scott
Griffith and the French Quarter Vet,
Jorge Henriquez and Dickie Brennan's
Steakhouse Lindey Kirk, John Obrien and
Arthur J Gallanger Risk Management
Services, Inc., Gene Sausse and Bookoo
Bounce, Marci Schramm and French
Quarter Festivals, Inc., Christine Sory
and Royal Sonesta Hotel New Orleans,
Tim Spratt and Kirkendoll Management
LLC, Frank Stansbury and LaFete News,
Shelly Waguespack and Pat O'Obriens
Bar, Inc. and Alfred Groos and Royal
Sonesta Hotel New Orleans, Steve Pettus
and Dickie Brennan & Co., Eric Reitman
and House of Blues-New Orleans, Sal

Sunseri and P&J Oyster House, Lois
Sutton and Where Magazine-New
Orleans, Mark Wilson and Bourbon
Orleans Hotel, Annie L. Fleittrich and
French Quarter Commercial &
Residential Agent, Sydney Anderson
Realty, Brian Furness and The Gentry
House Bed and Breakfast, Coco Garnett
and French Quarter Citizens, Bob Simms
and French Quarter Management
District, Stephen Caputo and Hotel
Montelone, Defendants

## ORIGINAL COMPLAINT

### 1.

## PRELIMINARY STATEMENT

This Civil Complaint is brought pursuant to Title 42 U.S.C. §§ 1983, 1985, 1986

and 1988, as an action at law to redress the intentional, malicious deprivation,

under color of law, statute, ordinance, regulation, custom or usage, of the rights,

privileges, or immunities secured to Petitioner by the Constitution of the United

States, including, but not necessarily limited to the Fourth Amendment, the Fifth

Amendment, the Eighth Amendment, the Fourteenth Amendment, and/or by Acts

of Congress and the U.S. Constitution. Petitioner further asserts claims pursuant to

the Constitution of the State of Louisiana and other pertinent statutes, laws and

ordinances of that State.

## STATEMENT OF JURISDICTION

Jurisdiction is vested in this Honorable Court pursuant to 28 U.S.C. § 1331 and/or 28 U.S.C. § 1343. This Honorable Court also has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and/or § 1441, as the citizenship of the parties hereto is diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## PARTIES

The Petitioner in this cause of action is as follows:

A. **TRACY RILEY** (Sometimes referred to as "Major Riley", Petitioner, and or Complainant is of age and resident of Plaquemines Parish, Louisiana.)

The Defendants to this cause of action are as follows:

A. **TROY HEBERT** sued in his former official capacity as Commissioner, Louisiana Office of Alcohol and Tobacco Control ("ATC"). Hebert is a person within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to this Complaint.

B. **THE ALCOHOL AND TOBACCO CONTROL BOARD** ("ATC") a state department within the supervision and control of The State of Louisiana.

C. **JEFFEREY BARTHELEMY** ATC Supervising Agent

D. **ROBERT WATTERS** French Quarter Management District (FQMD)

E. **FRENCH QUARTER MANAGEMENT DISTRICT** (FQMD)

F. **NICOLE WEBER** New Orleans City Council Legal Director

G. **JESSICA STARNS in** her capacity as Attorney for ATC

H. **JESSICA SPARROW and DAVID HALPERN** of the McGlinchey Stafford Law Firm

I. **Harry Mahoney and Jason Mahoney** of the 308 Decatur St Bar LLC

J. **Jeremy Deblieux and the Acme Oyster House and French Quarter Business Association (FQBA)**

K. **City of New Orleans and City Councilmember Kristen Palmer**

L. **Robert Biederman Landlords National Attorney**

M. **Emily Cassidy (ATC)**

N. **Robert Rizzuto and The House of Blues**

O. **Louis Faust and Southern Insurance Agency and the French Quarter Management District**

P. **Carol Allen and the Vieux Carre Property Owners and Residents Association (VCPORA)**

Q. **Bobby Jindal Former Governor of Louisiana**

R. **Jared Munster and City of New Orleans Safety and Permits**

S. **Larry Hedorffer and City of New Orleans Vieux Carre Commission**

T. **Meg Lousteau and Vieux Carre Property Owners and Residents Association**

U. **Adrience M. Monroe and Bienville House**

V. **Daniel Altenloh**

W. **Dianna Canahuati and Attiki Bar and Grill**

X. **Edward Shedlock**

Y. **Martin Doherty and Ryans Irish Pub**

Z. **Remi Freji**

AA. **Rosoliana Todaro**

BB. **Lydia Frazier**

CC. **Brian Furness**

DD. **Reed Neelis and First Bank and Trust**

EE. **Adrienne Thomas and New Orleans Steamboat Co.**

FF. **E Adler and Adler's Jewelry**

GG. **Nancy Tusa and What's New Home Accessories**

HH. **Sydney Anderson and Sydney Anderson Realty**

II.      **Drew Bevolo and Bevolo Gas and Electric Lighting**

JJ.     **Arnold Cooper and Cooper Arnold Real Estate Inc**

KK.    **Bryan Francher and Francher Perrin Group**

LL.     **Pat McDonanld Fowler and Aunt Sally's Original Creole Pralines**

MM.   **Dr. Scott Griffith and the French Quarter Vet**

NN.    **Jorge Henriquez and Dickie Brennan's Steakhouse Lindey Kirk**

OO.    **John Obrien and Arthur J Gallanger Risk Management Services, Inc.**

PP.     **Gene Sausse and Bookoo Bounce**

QQ.    **Marci Schramm and French Quarter Festivals, Inc.**

RR.     **Christine Sory and Royal Sonesta Hotel New Orleans**

SS.     **Tim Spratt and Kirkendoll Management LLC**

TT.     **Frank Stansbury and LaFete News**

UU.    **Shelly Waguespack and Pat O'Obriens Bar, Inc. and Alfred Groos and Royal Sonesta Hotel New Orleans**

VV.    **Steve Pettus and Dickie Brennan & Co., Eric Reitman and House of Blues-New Orleans**

WW.   **Sal Sunseri and P&J Oyster House**

XX.    **Lois Sutton and Where Magazine-New Orleans**

YY.    **Mark Wilson and Bourbon Orleans Hotel, Annie L. Fleittrich and French Quarter Commercial & Residential Agent**

ZZ.    **Brian Furness and The Gentry House Bed and Breakfast**

AAA.    **Coco Garnett and French Quarter Citizens**

BBB.    **Bob Simms and French Quarter Management District**

CCC.    **Stephen Caputo and Hotel Montelone**

All of the above named Defendants are bound jointly, severally and in solido unto your Petitioner, TRACY RILEY, in an amount fair and reasonable under the premises, together with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings for the following reasons, to wit:

## FACTUAL BACKGROUND

The following facts are also admitted on the record:

1.

Complainant (Major Riley) is a commissioned officer and recently disabled army veteran from an honorably discharged 24-year service in the Army into entrepreneurship. She excelled in sales and marketing and was promoted into Management level positions within seven years at Ford Motor Company's Sales and Marketing Division in Dearborn, Michigan and the sales team of W.W. Grainger an industrial supply and distribution company. Most recently she has transitioned into entrepreneurship and business ownership of The Rouge House,

LLC. Driven by data from Louisiana Small Business Center and Northwestern University the Rouge House mission is to be a profitable part of the New Orleans hospitality and tourism industry catering to entertainment, supper-club, and celebratory events.

## 2.

At the time which is pertinent hereto, Defendants **TROY HEBERT, JEFFEREY BARTHELEMY, ROBERT WATTERS, NICOLE WEBER** and **JESSICA STARNS** were employed by Agencies of the City or State and at all times were acting in the course and scope of their employment and all acts and or omissions were performed under the color of statutes of the State of Louisiana.

## 3.

Defendants may not avail themselves of the defense of qualified immunity because the acts which lead to some and/or all of the constitutional deprivations claims alleged herein were the result of grossly deficient customs and policies created, supported and/or promulgated by said Defendants, as is more fully described herein below.

## FACTUAL ALLEGATIONS

### 4.

All of the acts complained of herein were done with actual malice toward

Petitioner and with willful and wanton indifference to and deliberate disregard for

Petitioner's Constitutional rights.

### 5.

**May of 2013** Complainant contacted representatives of 300 Decatur Street for

leasing availability.  Among the numerous discussions was the use of their alcohol

permit as an important link to a successful business operation in the French

Quarter.  Complainant relied on a proposed Lease and Purchase Agreement that an

'alcohol permit would be transferred and assigned to The Rouge House' to move

forward with the Lease of the Property.

### 6.

**On 24 June 2013,** Complainant entered a lease-to-own agreement with Harry

Mahoney and Jason Mahoney for the 16,500 sq ft building located at 300 Decatur

St by tendering $50,000 to 308 Decatur St Bar LLC.

**7.**

**On July 3, 2013** Complainant (Tracy Riley) obtained a special event permit from Councilwoman Dist C Kristen Palmer's office to open the Rouge House on 4th of July until the 7th of July 2013. Nicole Webre wrote *"additional rules" specifically for Complainant* on the permit such as: 'no loitering shall be allowed, there shall be 'to-go' cups, all music shall be contained inside, all windows and doors shall be closed, and applicant shall prohibit 'lines' of people waiting to get in.'

**8.**

**On July 4th-7th 2013** the Rouge House opened with the special event permit Celebrating Essence Fest with Family and friends.

**9.**

**On July 6th 2013** Nicole Webre, the City of New Orleans District C, Legal Director wrote an email on 6 July 2013 falsely accusing Major Riley of breaking the "additional rules". She told Complainant (Tracy Riley) that Councilwoman Palmer would not provide her future permits and she told Major Riley not to contact Kristen Palmer's office for future permits.

## 10.

**In July and August 2013**, City of New Orleans District C Legal Director, Nicole Webre wrote scathing emails containing inaccurate information and false claims of ordinance violations against The Rouge House. Ms. Webre cited the French Quarter Management District (FQMD), the Vieux Carre Property Owners and Residents Association (VCPORA), and the House of Blues, and other residents as her source. Nicole Webre's actions were defaming and set an adversarial tone for Complainant's attempts to obtain local occupational and local liquor licenses/permits as complainant subsequently has been denied a state alcohol permit twice.    The email was forwarded to include Jessica Sparrow, of McGlinchey Stafford, the landlord's attorneys. The landlords subsequently refused to execute the clause in the lease that would allow the Complainant to use their alcohol permit and assist Complainant with getting her own alcohol permit.

## 11.

On July 12th – 14th and July 19th-21st additional events were held at the Rouge House which were a combination of Birthday parties and Open Mic nights.  At these events cash registers were not on nor was there a charge for admittance. Complainant only accepted donations for the Alcohol served as she was still

working on the building permit in order to qualify for her alcohol licenses and permits.

12.

**On July 16th 2013** Tracy Riley's' landlords (the Mahoneys) were not willing to allow Complainant to operate under their alcohol license. They refused to execute the clause in the lease that would allow her to use their alcohol permit until she could get her own alcohol permit.  This interfered with and damaged Complainant business activities and thus Complainant had been unable to pay the rent because of these actions that breached the contract. As an alcohol permit is an important factor for a successful business operation in the industry they are in.

13.

**On 22 July 2013**, Robert Watters, head of the French Quarter Management District (FQMD) and main opposition to Complainant obtaining her liquor license, wrote an email to Mark Daniel McNamara, Deputy City Attorney, inquiring as to Complainant's permits/license. The email also contained unsubstantiated accusations of wrongdoing and rumors. This prompted Mark Daniel McNamara, Deputy City Attorney to write to Alcohol Tobacco Control (ATC) Head Agent Jefferey Barthelemy who subsequently authorized a total of 21 documented CCs/inspections directed at Complainant's business.

**14.**

One night **in August 2013**, a man and a woman, later discovered to be members of the FQMD opposition led by Robert Watters, were walking along the sidewalk taking pictures of The Rouge House.   When a member of The Rouge House Security team, Cliff Costen, asked them if he could help them they walked a few feet away from him and the man, believed to be the spouse of Lydia Frazier, yelled back at him, "Get out of here Nigger!" The Frazier pictures were used in the ATC hearing and Lydia Frazier testified against Complainant obtaining her alcohol license at the ATC hearing dated 4 Sept 2013. Tracy Riley alleges the man's comments as racist because Tracy Riley is the only African-American female business owner along the Decatur St neighborhood.

**15.**

**On 2 August 2013** ATC Head Agent Jeffery Barthelemy wrote to Alcohol Tobacco Control (ATC) agent Melissa Peri, pushing her to complete a 'complaint follow up' for The Rouge House unauthorized selling of alcohol.   ATC Agent Jeffery Barthelemy was not only responding to complaints of wrongdoing from Robert Watters of the French Quarter Management District (FQMD), but also from French Quarter business man Mr. Russell Todaro who owns multiple businesses around 300 Decatur.   However, at no time did ATC Agent Jefferey Barthelemy

contact Tracy Riley or ask any questions which would have revealed that she was in fact using the building at that time as social host and wasn't selling any alcohol.

## 16.

On and around **5 August 2013**, emails between McClinchey Stafford paralegal Jessica Sparrow, ATC agent Melissa Peri, and Alcohol Tobacco Control (ATC) Attorney for Jessica Sterns, demonstrate a peculiar, overly friendly, and accommodating relationship.

    a.    **Jessica Sparrow** who represents the Complainants landlords, the Mahoneys, was asked by **Melissa Peri** of ATC if it is 'safe' to submit an ATC Compliance Check (CC) on Complainant's business-the Rouge House.

    b.    Emails from **Jessica Sparrow** to **Jessica Sterns**, attorney at the Louisiana Alcohol Tobacco Control (ATC), revealed confidential information that the Landlord is in the process of evicting Complainant.

## 17.

**On August 16, 2013** Robert Watters of the French Quarter Management District organized a discriminatory petition campaign opposing the granting to Major Riley any alcohol permit. These petitions falsely accused the Rouge House of being a

night club as opposed to supper club. The petitions also made undue comparisons and categorizations with the building's previous tenants and city ordinance violators Club Empire and Viola for no other reason than stereotyping and discrimination. Additionally, the petitions somehow hold the Rouge House responsible for policing traffic.

**18.**

**August 20, 2013**, ATC Agent Jeffrey Barthelemy, at the time under Commissioner Troy Hebert, made the Rouge House a "#1 priority" by allocating abundant manpower to "catch" illegal transactions. Due to prejudicial determinations, Head Agent Barthelemy cast suspicion upon this Complainant and conveyed this resolve to his subordinates and told his Agents that he expected surveillance and Under Cover activity directed towards the Rouge House. However, at no time did ATC Agent Jefferey Barthelemy contact Tracy Riley or ask her any questions. The truth would have revealed that, fully aware of her non-permit status, she wasn't illegally selling any alcohol and was merely acting as social host. The ATC authorized a total of 21 documented Compliance Check (CC) inspections conducted at the Rouge House. None of the CC inspections reported any wrongdoing or confirmed unauthorized alcohol transactions. The most recent CC inspection reported was 13 February 2014.

**19.**

**On 28 August 2013**, Tracy Riley visited the Alcohol Tobacco and Control (ATC) to obtain a copy of her alcohol permit application and inquire about the status of both the hearing and application. ATC answered a few procedural questions but could not or would not provide information on her case.  Furthermore Major Riley was informed that Commissioner Troy Hebert said he 'didn't want to speak with me.'

    a. Claimant that same day reported these incidents to the Governor's Constituent Services, **Ms. Callan Joffrion** and to the Director of Constituent Services, **Ms. Christina Grantham**. At the request of Ms. Joffrion and Ms. Grantham, Tracy Riley provided a written statement of what occurred.

**20.**

**On September 2013** Jessica Sparrow, landlord's local paralegal and David Halpern, landlord's local attorney,   had persuaded Complainant's landlord Harry Mahoney and Jason Mahoney to prematurely evict Complainant from the property.

**21.**

On **September 4, 2013**, Louis Faust, member of local opposition led by Robert Watters of French Quarter Management District (FQMD**),** confessed to members of The Rouge House, LLC that in exchange for  favor he testified negatively against The Rouge House at the Louisiana ATC hearing to determine if Complainant would be granted an alcohol permit. This contributed to the subsequent denial of Complainant's application for a commercial alcohol permit. The hearing was hosted by Commissioner Troy Hebert.

**22.**

**David Halpern,** local attorney for Complainant's landlord, told **Robert Biederman,** the national attorney for Complainant's landlord, that Complainant Tracy Riley "will never get an alcohol permit, no matter how much money" she has.

**23.**

**On September 9th 2013** Commissioner Troy Hebert requested a meeting with Tracy Riley on September 11th at ATC headquarters to afford her the opportunity to explain/provide information on inconsistencies between the application

submitted, additional documents submitted, testimony at the opposition hearing, and evidence obtained by ATC through the application investigation process.

### 24.

**On September 11th of 2013** Mr. Hebert and his armed team of up to five ATC and or Police officers witnessed as Riley was brought to tears by the hostile and accusatory interrogation led by a shouting and yelling Commissioner Troy Hebert and ATC Attorney Jessica Sterns. At one point, Troy Hebert and Jessica Sterns chuckled while Complainant was explaining the nature of donations for liquor transactions that they claimed prohibited by the ATC. Major Riley told them that they were operating based on the information that was given to her by the licensed firm Permit Secured LLC owned by Shelita Campbell. Furthermore, they accused Tracy Riley of operating a scheme to sell liquor and inadvertently of having a behavior disorder.

### 25.

**On September 16th 2013** Agent Hingle of the ATC hand delivered a denial letter for Complainant's application for operating without a valid state alcoholic beverage permit, misstatement or suppression of fact in application, and failure to submit fingerprints. Furthermore, Complainant wasn't given 60 days to correct

and request recession of decision but was only given 10 days to take devolutive appeal. This violated Complainant's due process.

## 26.

**September 16th 2013** Agent Hingle of the ATC issued to the complainant an administrative citation for operating without a valid state alcohol permit (10 counts). The administrative citation for operating without a valid state alcohol permit was issued based on the events held in the month of July (paragraph 3 above). This administrative citation was based on an event documentation that was openly and honestly submitted by Mrs. Tracy Riley. Not only does the Complainant dispute the lawfulness of these citations under Louisiana law on November 14th, 2013 Troy Hebert, ATC Commissioner, dismissed these violations but still denied Claimants application for the lucrative alcohol license for operating without a license.

## 27.

**On September 30 2013** Troy Hebert, ATC Commissioner, sent a letter of complaint against Major Riley to US Army Brigadier General John Lennon and US

Army Brigadier General William Hickman to inaccurately report her behavior while checking on her permit.

## 28.

**January 2014** Email between Jessica Sterns, attorney at the Louisiana Alcohol and Tobacco Control (ATC), and Jessica Sparrow, paralegal for McGlinchey Stafford the local attorney for the landlord of 300 Decatur St, demonstrate an overly friendly, accommodating and conspiratorial relationship. Ms. Sparrow voluntarily forwards an email to Ms. Sterns. She said that she was giving her a "heads up". Ms. Sparrow voluntarily tells Ms. Sterns that the Landlord is in the process of evicting (Complainant) after she places specific emphasis on informing Ms. Sterns that the McGlinchey Stafford Law firm does not represent "that woman."  On January 16 2014 the eviction was executed.

## 29.

Also the denial decision was dated on **December 5, 2013** however the Complainant didn't receive the denial, by letter mail carrier, till over a month later on **January 14th 2014** around the same time as the execution of her eviction from the premises as if the Defendants knew she was being evicted and when she was being evicted.

**30.**

**On April 28 2014,** ATC filed exceptions in response to Major Riley's appeal on **January 17th 2014.** This filing relied solely on this prior knowledge that she was being evicted from 300 Decatur St during the decision process of her second application.

**31.**

**On 4 September 2013,** Daniel Altenloh, member of The French Quarter Management District (an agency of the state of Louisiana) led by Robert Watters, testified at the ATC hearing saying that the French Quarter Management District "doesn't want The Rouge House's certain crowds" in their neighborhood. Complainant alleges these comments as being racist as she is the only African-American female business owner along the Decatur St neighborhood and they assumed her establishment would cater to African American females and African American males. The Rouge House caters to everyone regardless of race.

**32.**

**February 2014, an** Email between Jessica Sterns – attorney at the ATC, and Maira-Olivia Pitts – ATC Administrative Coordinator reveals that the ATC is

proactively preparing to grant a liquor permit to the landlord's new buyer/leasee within just a few days.  The landlord's new buyer/leasee is white.

## Claims for Relief

## FEDERAL CAUSES OF ACTION

**The following constitutional right has been violated:**

## CLAIM I

### DUE PROCESS
((42 U.S.C. § 1983; Due Process under the Fourteenth Amendment to the U.S. Constitution and Article I, § 2 of the Louisiana Constitution))

### COUNT ONE
**(No future permits for Claimant)**

**33.**
Claimant incorporates by reference the allegations in paragraphs 1-32.

**34.**

**On July 3, 2013** Complainant (Major Riley) obtained a special event permit from Councilwoman Dist C Kristen Palmer's office to open the Rouge House on 4 July until 7 July 2013. Nicole Webre wrote "additional rules" *for her* on the permit–'no loitering shall be allowed, there shall be 'to-go' cups,  all music shall be contained

inside, all windows and doors shall be closed, and applicant shall prohibit 'lines' of people waiting to get in.'

**35.**

**On July 6th 2013** Nicole Webre City of New Orleans District C Legal Director wrote an email falsely accusing Major Riley of breaking the "**additional rules**" on the Special Event Permit. Without any due process she told Complainant (Major Riley) that Councilwoman Palmer would not provide her future permits and she told Major Riley, who is an African American female, not to contact Kristen Palmer's office for future permits. A law is fatally vague and offends due process when it denies a person of ordinary intelligence a reasonable opportunity to know what action is prohibited so that he or she may act accordingly.

**36.**

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no state may "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. Under the Due Process Clause, any regulation of a lawful economic activity must be rationally related to a legitimate governmental purpose. The guarantee of equal protection requires that state laws affect alike all persons and interests similarly situated. U.S. Const. Amend. XIV; La. Const. Art. 1 § 3 (1974). Under both

substantive due process and equal protection analyses, when an ordinance

interferes with the exercise of fundamental, personal rights, or is drawn upon

inherently suspect distinctions such as race or religion, it's unconstitutional.

## COUNT TWO

## (Twenty inspections from ATC for no cause)

### 37.

**On 2 August 2013** ATC Head Agent Jeffery Barthelemy wrote to Alcohol

Tobacco Control (ATC) agent Melissa Peri, pushing her to complete a 'complaint

follow up.'  ATC Agent Jeffery Barthelemy was not only responding to complaints

of wrongdoing from Robert Watters of the French Quarter Management District

(FQMD), but also from French Quarter business man Mr. Russell Todaro who

owns multiple businesses around 300 Decatur.   However, at no time did ATC

Agent Jefferey Barthelemy contact Major Riley or ask any questions which would

have revealed that she was in fact acting as social host and wasn't selling any

alcohol.

### 38.

**August 20, 2013**, ATC Agent Jeffrey Barthelemy made the Rouge House a "#1

priority" by allocating abundant manpower to "catch" illegal transactions.  Due to

prejudicial determinations, Head Agent Barthelemy cast suspicion upon the Rouge

House and conveyed this resolve to his subordinates and told his Agents that he expected surveillance and Under Cover activity. Agent Barthelemy said they will not tolerate a business operating illegally. However, at no time did ATC Agent Jefferey Barthelemy contact Major Riley or ask any questions revealing that she was acting as social host and wasn't illegally selling any alcohol. The ATC authorized a total of 21 documented Compliance Check (CC) inspections conducted at the Rouge House. None of the CC inspections reported any wrongdoing or confirmed unauthorized alcohol transactions. The most recent CC inspection reported was 13 February 2014.

**39.**

Complainant contends that the twenty Compliance Checks the ATC conducted on the Rouge House were not necessary for the protection of "public health, morals, safety and peace. The actions of ATC were an unconstitutional violation of Complainant's due process and equal protection rights. Even though laws regulating business behavior are held to a lesser standard of "definiteness" than statutes imposing criminal penalties by the ATC employing a "sting" like operation the ATC deprived her of a protected property interest without due process of law. Actions used in enforcing statutes must not be so vague (see

paragraph 4) and indefinite that any penalty prescribed for their violation would constitute a taking of liberty or property without due process of law.

## COUNT THREE

### (Claimant Illegally Ticketed)

#### 40.

**September 16th 2013** Agent Hingle of the ATC issued to the complainant an administrative citation for operating without a valid state alcohol permit (10 counts). The administrative citation for operating without a valid state alcohol permit was issued based on the events held in the month of July 2013 (paragraph 3 above). The administrative citation was based on an event documentation that was voluntarily submitted by Mrs. Tracy Riley. **At these events cash registers were not on and only donations were accepted for the Alcohol served.**

#### 41.

The Complainant disputes the lawfulness of these citations under Louisiana law. ATC wrongfully denied Major Riley a liquor license based on its citations. The State Department of Alcohol and Tobacco

Control acted in an arbitrary, capricious or discriminatory manner. At one hearing, Troy Hebert and Jessica Sterns chuckled while complainant explained the nature of accepting donations for liquor transactions that they claimed were prohibited by the ATC. It appears that defendant had adequate notice of the social host idea insisted by the claimant and yet still perpetrated that she failed to comply with the requirements of LSA-R.S. 26:88(9). By wrongfully and falsely charging Complainant with the ten separate citations for operating without a valid alcohol license ATC violated Complainants right to liberty. The federal and state governments are prohibited from depriving a person of life, liberty or property without due process of law. U.S. Const. Amends. V, XIV; La. Const. Art. 1 § 2 (1974). The guarantee of equal protection requires that state laws affect alike all persons and interests similarly situated. U.S. Const. Amend. XIV; La. Const. Art. 1 § 3 (1974).

**The following constitutional right has been violated:**

## CLAIM II

### EQUAL PROTECTION

((42 U.S.C. § 1983; Equal Protection Under U.S. Constitution Amend. XIV, Louisiana State Constitution and Applicable Louisiana Laws))

**42.**

Complainant incorporates and adopts by reference each of the allegations in the preceding Paragraphs as if fully set forth in this Paragraph.

**43.**

The Equal Protection Clause of the Fourteenth Amendment provides that "no state shall... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. A state law violates the Equal Protection Clause if it discriminates between different classes of persons without a rational basis for doing so.

**44.**

**On July 3, 2013** Complainant (Major Riley) obtained a special event permit from Councilwoman Dist C Kristen Palmer's office to open the Rouge House on 4 July until 7 July 2013. Nicole Webre as part of a conspired effort to deny Complainant

the equal protection of the laws within its French Quarter business jurisdiction wrote "additional rules" *for Complainant* on the special event permit. These additional rules were: 'no loitering shall be allowed, there shall be 'to-go' cups, all music shall be contained inside, all windows and doors shall be closed, and applicant shall prohibit 'lines' of people waiting to get in.'

### 45.

**On July 6th 2013** Nicole Webre City of New Orleans District C Legal Director wrote an email on **6 July 2013** falsely accusing Major Riley of breaking the **"additional rules"**. She told Complainant (Major Riley) that Councilwoman Palmer would not provide her future permits and she told Major Riley not to contact Kristen Palmer's office for future permits.

### 46.

In **July and August 2013**, City of New Orleans District C Legal Director, Nicole Webre wrote scathing emails containing inaccurate information and false claims of ordinance violations against Complainants business –The Rouge House. Ms. Webre cited the French Quarter Management District (FQMD), the Vieux Carre Property Owners and Residents Association (VCPORA), the House of Blues, and other residents as her source. The email was forwarded throughout the various departments of the New Orleans City Hall and other persons to include Jessica

Sparrow, paralegal for McGlinchey Stafford who are the attorneys for the Mahoneys the owners of the building the Rouge House does business in. Nicole Webre's actions set an adversarial tone for Complainants attempts to obtain local occupational and local liquor licenses/permits.

**47.**

The additional rules written on the special event permit are unconstitutional and discriminatory since they didn't apply equally to all persons or businesses who come within a common French Quarter business class. At issue for the Complainant is that these 'additional rules' are discriminatory, malicious and deliberate. For instance, the no-lines part of these 'additional rules' were superfluous or meaningless, and lines many times can't be avoided for especially a successful business establishment.

**The following constitutional right has been violated:**

## <u>CLAIM III</u>

## CONSPIRACY

(Conspiracy action under 42 U.S.C. § § 1983 and 1985)

### 48.

Complainant incorporates and adopts by reference each of the allegations in the preceding Paragraphs as if fully set forth in this Paragraph.

### 49.

**On July 16th 2013** Major Riley's' landlords (the Mahoneys) were not willing to allow Complainant to operate under their license. They refused to execute the clause in the lease that would allow her to use their permit until she could get her own permit. Even though Item 27 plainly says: *Bar (300 Decatur St) shall cooperate with Tenant to transfer and assign to Tenant (or to cause to be issued to Tenant) the liquor license ("Liquor License") to sell beer, wine and liquor at the leased premises for consumption on the leased premises.* Complainant alleges this refusal was due to political pressure stemming from the complaints of French Quarter Management District (FQMD), the Vieux Carre Property Owners and Residents Association (VCPORA), the House of Blues, and other residents.

**50.**

**On August 16, 2013** Robert Watters of the French Quarter Management District organized a petition campaign opposing the granting to Major Riley any alcohol permit. These petitions falsely accused the Rouge House of being a night club as opposed to supper club. The petitions also made undue comparisons and categorizations with Club Empire and Viola for no other reason than stereotyping and discrimination.

**51.**

On **September 4, 2013**, Louis Faust, member of local opposition led by Robert Watters of French Quarter Management District (FQMD)**,** confessed to members of The Rouge House, LLC that he testified against The Rouge House in exchange for money and favor at the Louisiana ATC hearing hosted by Commissioner Troy Hebert to determine if I would be granted an alcohol permit. Louis Faust said he later realized that he should not have done it and sent a message to me that he would call the Commissioner and fix it.

**52.**

**September 2013** Jessica Sparrow, landlord's local paralegal and David Halpern, landlord's local attorney, demonstrating an agreement between the parties 'to

inflict a wrong against or injury upon another, had persuaded Complainant's landlord Harry Mahoney and Jason Mahoney to evict Complainant from the property.

### 53.

David Halpern, local attorney for Complainant's landlord, told Robert Biederman, the national attorney for Complainant's landlord, that Complainant "will never get an alcohol permit, no matter how much money" Complainant has. This shows a prior agreement has been made concerning Complainants alcohol permit.   On September 16 2013 Troy Hebert Commissioner of ATC denied Complainant's application.

### 54.

**A January 2014** Email between Jessica Sparrow, paralegal for McGlinchey Stafford the local attorney for the landlord of 300 Decatur St, and, Jessica Sterns, attorney at the Louisiana Alcohol and Tobacco Control (ATC) demonstrates a conspiratorial relationship. Ms. Sparrow voluntarily tells Ms. Sterns, that the Landlord is in the process of evicting Complainant who had by then submitted a second application to ATC on October 21, 2013.   The object was ATC delayed their decision for this second application until this eviction was processed to use this as an excuse for denial.  This was accomplished in the middle of January when

on January 16 2014 the eviction was initiated and her denial from ATC was received on January 14th 2014.

### 55.

**On April 28 2014,** ATC used this 'heads up' information of eviction to file exceptions with the court for lack of subject matter jurisdiction based on her eviction (this is in response to Major Riley's appeal to the second application denial), information that the attorneys would not have otherwise had on or around October 21st 2013 when the Complainant Riley applied for an alcohol permit to ATC a 2nd time.

### 56.

**On 4 September 2013**, Daniel Altenloh, member of The French Quarter Management District (an agency of the state of Louisiana) led by Robert Watters, testified at the ATC hearing saying that the French Quarter Management District "doesn't want The Rouge House's certain crowds" in their neighborhood. Complainant alleges these comments as being racist as she is the only African-American female business owner along the Decatur St neighborhood.

### 57.

Said conspiracy violated the rights of Complainant Major Riley, as guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States

Constitution, and 42 U.S.C. § 1983. These acts were committed as the result of a conspiracy to deprive Complainant of her rights, and any participant in the conspiracy is liable for the injury done. The factual allegations here showed that the defendants had participated in private meetings and emails at which Complainant Riley was discussed. Conspirators formulated and implemented plans that disadvantaged Major Riley, and that disadvantaging was unlawful.

## DAMAGES

### 58.

Defendants are liable to the Complainant jointly, divisibly and *in solido* for all amounts as are reasonable in the factual and legal premises, and for all additional relief as prayed-for and/or awarded herein.

### 59.

The ATC enforcement of their policies and/or their effects gave rise to an unconstitutional taking of private property, unconstitutional deprivation of due process, an unconstitutional deprivation of equal protection of the laws, among other causes of action and their effects described herein, and additionally constitute and/or give rise to violations of the laws and constitution of the State of Louisiana in that the effects constitute and/or give rise to (a) trespass to property; (c) false

citation (d) unlawful touching; and unlawful local government taking and/or expropriation, among other wrongful acts and omissions described herein and/or inherent in the facts and law, which are cognizable pursuant to the Court's supplementary jurisdiction, all of the foregoing of which have caused and will continue to cause Plaintiffs to suffer monetary damages.

**60.**

Defendants have acted with callous indifference to, willful, wanton and/or reckless disregard for, and/or intentional disregard for, the civil rights and privileges of the Named Complainant. Defendant is therefore liable for punitive damages. State and local government denials and/or expropriation, among other wrongful acts and omissions described herein and/or inherent in the facts and law, which are cognizable pursuant to the Court's supplementary jurisdiction, all of the foregoing of which have caused and will continue to cause Plaintiff to suffer monetary damages.

**61.**

Complainant **Tracy Riley** itemizes her damages as follow (U.S.D.):

a. Past and future loss and/or impairment of enjoyment and/or use of property

b. Past and future deprivation of civil rights

c. Punitive damages

d. Fines

e. Attorney's fees pursuant to 42 USC 1988

f. Court costs and judicial interest from demand until paid T.B.D.

g. Any and all others proven

## PRAYER FOR RELIEF

**WHEREFORE**, the Complainant, in her own behalf prays that Defendants be duly served a copy of this Complaint and summoned to appear and timely answer same, that the Court assert supplemental jurisdiction over all claims cognizable herein, and that after all due proceedings be had, there be judgment holding Defendants liable individually, jointly, divisibly, severally and *in solido* for all compensatory and punitive damages reasonable according to the facts and law, attorney's fees, legal interest from the date of judicial demand until paid, and for Defendants to bear all costs of these proceedings, and for all general, equitable and injunctive relief as may be had.

Complainant requests a trial by jury.

Respectfully submitted,

**Tracy Riley**
Pro Se Litigant
 13482 Hwy 23
Belle Chasse, Louisiana  70037
Phone: 504.762.9027

_Tracy Riley_


Date
July 25, 2018