UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TRACY RILEY                                              CIVIL ACTION

VERSUS                                                   No. 18-6984

OFFICE OF ALCOHOL & TOBACCO                              SECTION I
CONTROL, ET AL.

## ORDER & REASONS

Before the Court is defendant Christine Sory's ("Sory") motion[1] to dismiss *pro se* plaintiff Tracy Riley's ("Riley") complaint for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5) or, alternatively, to dismiss the complaint for failure to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6). Based on a review of the record, Sory's motion and attached declaration, and the applicable law, and considering that Riley has not filed any opposition to the motion, the Court concludes that Sory has not been properly served.

If a defendant is not properly served within 90 days of the filing of the complaint, the court must dismiss the action or order that service be made within a specified time. Fed. R. Civ. P. 4(m); *see also Price v. Hous. Auth. of New Orleans*, No. 09-4257, 2010 WL 3802553, at *2 (E.D. La. Sept. 10, 2010) (Vance, J.). However, the rule also provides that, if the plaintiff shows good cause for her failure, the court must extend the deadline for effecting service "for an appropriate period." Fed. R. Civ. P. 4(m). The plaintiff bears the burden of establishing "good cause for failure to effect

---

[1] R. Doc. No. 25.

timely service." *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

To the best of the Court's knowledge, the Fifth Circuit has not addressed the question of whether the filing of an amended complaint restarts the 90-day period during which the plaintiff must effect service. However, other courts have concluded that, when the plaintiff files an amended complaint, the service period does not restart as to those defendants named in the original complaint. *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006); *Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004); *see also UWM Student Ass'n v. Lovell*, 888 F.3d 854, 859 (7th Cir. 2018); *Warren v. Bituminous Cas. Corp.*, No. 13-2354, 2014 WL 348544, at *2 (E.D. La. Jan. 31, 2014) (Milazzo, J.). "This construction of the rule prevents the plaintiff from repeatedly filing amended complaints to 'extend the time for service indefinitely.'" *Bolden*, 441 F.3d at 1148 (quoting *Del Raine v. Carlson*, 826 F.2d 698, 705 (7th Cir. 1987)). The Court finds such reasoning persuasive.

Because Sory was named in the original complaint and the original complaint was filed on July 25, 2018, the date by which Riley was required to serve Sory in accordance with Rule 4 was October 23, 2018. To date, Riley has not filed an opposition to Sory's motion to dismiss, and the record does not indicate that Riley has attempted to re-serve Sory since the motion was filed. Furthermore, Riley has not offered any explanation for her failure—meaning the Court has nothing from which

to conclude that Riley has met her burden of establishing good cause for her failure to properly serve Sory.[2]

Although the Court was inclined to dismiss Riley's claims against Sory, Sory's counsel has consented to giving Riley an extension of time to effect service on his client.[3] Thus, the Court will exercise its discretion to quash service and provide Riley an additional 21 days from this date during which she must re-serve Sory properly and file proof of such service into the record.[4]

Accordingly,

**IT IS ORDERED** that the request to dismiss the complaint is **DENIED.**

---

[2] Riley did file a motion for an extension of time to serve the defendants in this case on October 23, 2018—the deadline for serving those defendants named in the original complaint. R. Doc. No. 89. Sory does not contest that service has been *attempted*. The instant issue is, rather, whether the service that was effected was valid, and the Court concludes that it was not. (This comports with Riley's motion for an extension of time, which claims that "80% of the defendants have received summons" and requests additional time to "have the *remaining* defendants summoned." R. Doc. No. 22, at 1 (emphasis added). A summons was returned executed as to Sory almost a month before Riley filed her motion.)

[3] R. Doc. No. 25-1, at 5 ("Plaintiff should likely be given a reasonable period of time within which to [serve Ms. Sory].").

[4] "In the absence of valid service of process, proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981). Because Sory has not been validly served and is, thus, not yet a proper party to this proceeding, the Court does not consider Sory's arguments as to Rule 12(b)(6). *See Thomas v. New Leaders for New Schs.*, 278 F.D.R. 347, 351 (E.D. La. Dec. 19, 2011) (Africk, J.).

**IT IS FURTHER ORDERED** that the request to quash service is **GRANTED.** Tracy Riley shall file proof of proper service upon Christine Sory into the record no later than **NOVEMBER 21, 2018**. Failure to do so will result in the dismissal of Riley's claims against Sory.

New Orleans, Louisiana, October 31, 2018.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**