UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TRACY RILEY                                          CIVIL ACTION

VERSUS                                               No. 18-6984

OFFICE OF ALCOHOL & TOBACCO                          SECTION I
CONTROL, ET AL.

### ORDER & REASONS

Before the Court is *pro se* plaintiff Tracy Riley's ("Riley") motion[1] for an extension of time, pursuant to Federal Rule of Procedure 6(b) "and General Order and Guideline 4," to effect service on the defendants in this case.[2] In addition to resolving Riley's present motion, the Court also uses this occasion to provide written reasons for its November 7, 2018 order of dismissal without prejudice.[3]

### I.

On July 25, 2018, Riley filed her original complaint against over 100 defendants.[4] On September 12, 2018, she filed an amended complaint, naming several additional defendants.[5]

---

[1] R. Doc. No. 89.
[2] *Id.* at 1. Rule 6(b) governs extensions of times as to "act[s] that may or must be done within a specified time." Fed. R. Civ. P. 6(b)(1). The Fifth Circuit, however, analyzes requests for an extension of time to effect service under Rule 4 of the Federal Rules of Civil Procedure. *See, e.g., Thompson v. Brown*, 91 F.3d 20 (5th Cir. 1996); *see also Brown v. Premium Food Concepts*, No. 09-5811, 2010 WL 1838644 (E.D. La. May 5, 2010) (Vance, J.). The Court is unaware of any General Order and Guideline 4.
[3] R. Doc. No. 110.
[4] *See* R. Doc. No. 1, at 1–3.
[5] *See* R. Doc. No. 6, at 1–4.

The timeliness requirement for service of process is governed by Federal Rule of Civil Procedure 4(m), which provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Riley submitted the present request for an extension of time on October 23, 2018, exactly 90 days after her original complaint was filed. The motion does not specify which defendants Riley needs additional time to serve.

To the best of the Court's knowledge, the Fifth Circuit has not addressed the question of whether the filing of an amended complaint restarts the 90-day period during which the plaintiff must effect service. However, other courts have concluded that, when the plaintiff files an amended complaint, the service period does not restart as to those defendants named in the original complaint. *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006); *Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004); *see also UWM Student Ass'n v. Lovell*, 888 F.3d 854, 859 (7th Cir. 2018); *Warren v. Bituminous Cas. Corp.*, No. 13-2354, 2014 WL 348544, at *2 (E.D. La. Jan. 31, 2014) (Milazzo, J.).

"This construction of the rule prevents the plaintiff from repeatedly filing amended complaints to 'extend the time for service indefinitely.'" *Bolden*, 441 F.3d at 1148 (quoting *Del Raine v. Carlson*, 826 F.2d 698, 705 (7th Cir. 1987)). In an October 31, 2018 order, the Court explained that it finds such reasoning persuasive and

adopted the approach of the foregoing courts.⁶ Consequently, Riley was required to serve the defendants named in the original complaint by October 23, 2018 or, at the latest, October 24, 2018.⁷

"[W]hen a district court entertains a motion to extend time for service, it must first determine whether good cause exists." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). If the Court finds good cause, it *must* extend the time for service. *Id.*; *see also* Fed. R. Civ. P. 4(m). If the Court does not find good cause, it may, in its discretion, either extend time for service or dismiss the case. *Id.* The plaintiff bears the burden of establishing good cause. *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir. 1985); *see also Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008).

Proof of good cause for failure to effect service "requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (quoting *Winters*, 776 F.2d at 1306). "Additionally, some 'showing of good faith on the part of the party seeking an

---

⁶ R. Doc. No. 101, at 2. The order was a motion denying defendant Christine Sory's request to dismiss Riley's claims against her. The Court instead quashed service as to Christine Sory and granted Riley an extension of time to serve her. *Id.* at 4.

⁷ Some courts recognize an exception to the general rule of timely service for plaintiffs appearing *in forma pauperis*. *See Overstreet v. Tangipahoa Parish Sheriff's Office*, No. 06-2425, 2007 WL 756440, at *2 (E.D. La. Mar. 8, 2007) (Africk, J.). Those courts hold that the 90-day period provided in Rule 4(m) begins to run only after the court grants the plaintiff's application to proceed *in forma pauperis*. *Id.* Riley's motion for leave to proceed *in forma pauperis* was granted on July 26, 2018, meaning that—even under the exception tolling the deadline—service has not been timely effected as to those defendants named in the original complaint.

3

enlargement and some reasonable basis for noncompliance within the time specified is normally required.'" *Id.*

**II.**

On October 29, 2018, because a number of defendants had not been timely served and in light of Riley's request for an extension, the Court ordered Riley to appear before the Court on November 7, 2018 and show good cause as to why those defendants named in the original complaint that had not yet been served should not be dismissed. Riley failed to appear at the Court hearing. Consequently, the Court determined that no good cause existed, and it dismissed those defendants listed in the October 29, 2018 order from the case for the same reasons, stated herein, that the Court now denies Riley's motion for an extension of time.[8]

In support of her request, Riley cites the fact that she is a *pro se* litigant who lacks knowledge of the "complexity of the legal system" and the fact that there are 135 defendants in this case. She also claims that 80% of the defendants "have received summons[es]" and that all of the defendants consent to an extension.[9]

---

[8] Because of Court error, one defendant who was named in the original complaint but has not been served, Jefferey Barthelemy, was omitted from the October 29, 2018 order. He will be the subject of a future docket call.

[9] The Court is very skeptical of this contention. Riley has provided no evidence suggesting that she contacted all of the defendants—of which there are over 100—and that each one consented to her request. Indeed, several defendants filed motions to dismiss her claims against them after Riley filed the present motion. *See* R. Doc. Nos. 91, 93, 98.

As an aside, it is difficult to ascertain how many defendants there are in this case and exactly who they are. It appears some have been incorrectly named. Others are named twice in the same complaint. *See, e.g.*, R. Doc. No. 6, at 1–4 (for example, the French Quarter Management District, Sydney Anderson Realty and Jared Munster).

Riley's characterization of her progress is inaccurate. Because no waivers have been filed into the record, it is nearly impossible to determine which defendants in this case have received summonses until the summonses are returned by the United States Marshals Service.

As of the date Riley filed her motion, summonses had been returned executed by the United States Marshals Service for only 33 defendants—less than one-third of those named in either complaint (although an additional 53 defendants nevertheless filed responsive pleadings).[10] Since the present motion was filed—over two weeks ago—only one additional summons has been returned, and it was returned unexecuted.[11]

Riley's reliance on her *pro se* status is also unconvincing. "A litigant's pro se status neither excuses [her] failure to effect service nor excuses [her] for lack of knowledge of the Rules of Civil Procedure." *Thrasher*, 709 F.3d at 512. Regardless, the record and her partial completion of the service requirements under Rule 4 indicate that Riley understands, as an *in forma pauperis* plaintiff, the process of

---

Furthermore, it is sometimes difficult to discern whether a defendant named in the original complaint is also named in the amended complaint. For example, the original complaint includes Cooper Arnold Real Estate Inc. R. Doc. No. 1, at 2. The amended complaint includes that entity as well, but it also includes Arnold S. Cooper Real Estate, Inc. R. Doc. No. 6, at 2, 3. Considering the fact that the complaint is virtually silent as to the nature of Riley's claims against those defendants, it is difficult for the Court to determine if they are the same or separate entities. Riley contends that there are "approximately 135 defendants" in her case. R. Doc. No. 89, at 1. The Court, however, counts only 115 in the caption of the amended complaint.

[10] Although, just because a summons has been returned executed does not necessarily indicate that a defendant has been properly served.

[11] R. Doc. No. 103.

5

requesting summonses for each defendant from the Clerk of Court and then providing the summonses to the United States Marshals Service.

Despite this familiarity with the system for *in forma pauperis* plaintiffs, Riley did not request summonses from the Clerk of Court for almost a dozen defendants named in the original complaint until October 22, 2018—two days before the latest 90-day deadline. This delay is particularly concerning as the complaint was filed almost three months earlier and Riley knew that she needed to give the United States Marshals Service some period of time to deliver a copy of the summons and complaint to each defendant.

Moreover, in January 2017, Riley filed a separate lawsuit in this Court based on the same set of facts that form the basis of this case.[12] All twenty defendants named in the 2017 lawsuit are also named in the present lawsuit. In the 2017 case, Riley requested an extension of time to effect service, and the Court granted her an additional month.[13] After that month had passed, Riley requested a second extension, which the Court denied.[14] The Court ultimately dismissed the complaint without prejudice, but this prior lawsuit demonstrates that when Riley filed the present lawsuit in July 2018, she should have known the importance of effecting service properly and in a timely manner.[15]

---

[12] *Riley v. Office of Alcohol & Tobacco Control of the La. Dep't of Revenue*, Civil Action No. 17-461.
[13] *Riley*, R. Doc. Nos. 6, 7.
[14] *Riley*, R. Doc. Nos. 8, 9.
[15] Under Fifth Circuit law, "[a]n [*in forma pauperis*] plaintiff who requests service on the proper defendant 'should not be penalized for failure of the Marshal[s] Service to properly effect service of process, where such failure is through no fault of the

6

Finally, the deadline for service as to those defendants named only in the amended complaint is December 11, 2018, meaning Riley has had over two weeks since the time she filed the present motion to work diligently to serve those defendants, and she has almost a month from this date to continue doing so. She has not provided any reason why the December deadline for that select group of defendants is unmanageable.

The Court has concluded that Riley has not met her burden of establishing good cause for failing to serve many of the defendants named in the original complaint, and she has not provided a reasonable basis for her noncompliance with Rule 4. For the foregoing reasons, the Court dismissed the pertinent defendants at the November 7, 2018 hearing and denies Riley's motion.

## III.

Accordingly,

**IT IS ORDERED** that the motion for an extension of time is **DENIED.**

New Orleans, Louisiana, November 13, 2018.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　**LANCE M. AFRICK**
　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

---

litigant.'" *Triplett v. LeBlanc*, 642 F. App'x 457, 459 (5th Cir. 2016) (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)). Riley has had multiple opportunities to explain her failure to serve the relevant defendants, including in her present motion for an extension of time, oppositions to pending motions to dismiss for insufficient service of process, and at the docket call hearing held on November 7, 2018. To date, she has not provided anything to the Court suggesting the United States Marshals Service is to blame for her delay in effecting service.