UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TRACY RILEY                                         CIVIL ACTION

VERSUS                                              No. 18-6984

OFFICE OF ALCOHOL & TOBACCO                         SECTION I
CONTROL, ET AL.

## ORDER & REASONS

Before the Court is *pro se* plaintiff Tracy Riley's ("Riley") motion[1] for leave to amend her second amended complaint pursuant to Federal Rule of Civil Procedure 15. For the following reasons, the motion is denied.

## I.

On July 25, 2018, Riley filed her original complaint against over 100 defendants.[2] On September 12, 2018, she filed an amended complaint, naming numerous additional defendants.[3] Riley now seeks leave to file a second amended complaint.

Rule 15(a) of the Federal Rules of Civil Procedure provides in relevant part:

> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

---

[1] R. Doc. No. 170.
[2] *See* R. Doc. No. 1, at 1–3.
[3] R. Doc. No. 6.

> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Riley does not contend that the defendants have consented to her request. Although Rule 15(a)(2) provides a "generous standard" by which courts should assess motions to amend pleadings, such a standard is "tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). "Denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *United States v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).

## II.

In January 2017, Riley filed a separate lawsuit in this Court based on the same set of facts underlying the present lawsuit.[4] The 2017 lawsuit named only twenty defendants, but all are also named as defendants in this case. The Court dismissed the 2017 case without prejudice for Riley's failure to effect service on the defendants,[5] and Riley filed this lawsuit in July 2018—this time naming over 100 defendants. Since then, Riley has amended her complaint once, but the first amended complaint contained no new factual allegations; it merely added new defendants. Similarly,

---

[4] *Riley v. Office of Alcohol & Tobacco Control of the La. Dep't of Revenue*, Civil Action No. 17-461.
[5] *Riley*, Civil Action No. 17-461, R. Doc. No. 9.

Riley's proposed second amended complaint includes no new factual allegations. It simply names more defendants. Remarkably, since Riley filed her first lawsuit before this Court in 2017, her allegations of unlawful conduct have not changed; however, her list of accused wrongdoers has more than quadrupled.

The Court concludes that Riley should not be permitted to amend her complaint again. Riley's request to amend comes almost four months after she filed her original complaint and over two months after she filed her first amended complaint. Yet, the motion does not provide a reason for the amendment other than the fact that Riley is a *pro se* litigant.[6] Riley has not offered any explanation as to why the new defendants were not included in either the original or the amended complaint, and the Court finds that the near four-month gap between Riley's original complaint and the present motion constitutes undue delay.

Furthermore, although Riley purports to sue an additional eighteen defendants, none are mentioned in the factual allegations section of her proposed second amended complaint. This is the second time that Riley has amended or sought to amend her complaint to name additional defendants without making any specific allegations against them. For example, Riley's proposed pleading names two state court judges as additional defendants.[7] However, the complaint's factual allegations are silent as to both judges.

---

[6] R. Doc. No. 170, at 1.
[7] R. Doc. No. 170-3, at 11–12.

3

Not only does Riley's proposed second amended complaint allege no new facts, but Riley has not suggested that she has received new information since she filed her first amended complaint which justified the exclusion of the new defendants from the first two complaints.

Riley has had "ample opportunity to plead [her] . . . claims." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 567 (5th Cir. 2002) (affirming the district court's denial of a request for leave to amend, in part because the plaintiffs had already twice amended their complaints). It appears that she has simply been dilatory. The Court will not continue to allow Riley to add to the already staggering number of defendants listed in the complaint's caption without providing a valid and compelling reason or describing allegations that pertain to those defendants.[8]

### III.

Accordingly,

**IT IS ORDERED** that the motion for leave to file a second amended complaint is **DENIED.**

New Orleans, Louisiana, November 26, 2018.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　**LANCE M. AFRICK
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE**

---

[8] The Court also notes that Riley was granted *in forma pauperis* status from the United States Magistrate Judge. R. Doc. No. 3. Consequently, the United States Marshals Service has provided the valuable resources necessary to attempt service on the numerous defendants in this case, at no cost to Riley.