UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRACY RILEY | CIVIL ACTION |
| VERSUS | No. 18-6984 |
| OFFICE OF ALCOHOL & TOBACCO CONTROL OF THE LOUISIANA DEPARTMENT OF REVENUE, ET AL. | SECTION I |

## ORDER & REASONS

Before the Court is Mickal Adler ("Adler") and Adler Brands, LLC's ("Adler Brands") motion[1] to dismiss *pro se* plaintiff Tracy Riley's ("Riley") claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the motion is granted in part.

**I.**

On July 25, 2018, Riley filed this lawsuit against over 100 individuals and entities, alleging violations of federal and state law.[2] The complaint names "E Adler and Adler's Jewelry" as defendants.[3] On September 12, 2018, Riley filed an amended complaint.[4] In addition to E Adler and Adler's Jewelry, the amended complaint also names "Mikal [sic] Adler FQBA" as a defendant.[5] FQBA refers to the French Quarter

---

[1] R. Doc. No. 91.
[2] *See* R. Doc. No. 1, at 1–3.
[3] *Id.* at 2.
[4] R. Doc. No. 6.
[5] *Id.* at 7. The present motion to dismiss mentions Mickal Adler and Adler's Jewelry, but it does not mention E Adler. Although E Adler and Adler's Jewelry were listed together in the caption of both the original and the amended complaints (as "E Adler and Adler's Jewelry"), the Court has not been provided with any information suggesting that E Adler is related to any of the other "Adler" defendants.

Business Association (the "Association"),[6] although the words "Mikal Adler FQBA" make it difficult to ascertain whether Riley is suing Adler in his individual capacity or in some representative capacity based on a purported relationship between Adler and the Association.[7]

Adler Brands is not listed as a defendant in either complaint. The summons that was returned executed for Adler lists "Mickal Adler, Manager, Adler Brands LLC thru Registered Agent Christopher Hatcher Blue Williams LLP" as the party that Riley instructed the United States Marshals Service to serve.[8] However, Riley has never designated Adler Brands as a defendant, and it is not a party to this lawsuit.

Finally, the attorney who filed the present motion does not represent Adler's Jewelry, so the motion cannot have been filed on its behalf.[9] Consequently, despite the extremely confusing nature of Riley's filings, this motion pertains only to the claims against Mickal Adler.

## II.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court may dismiss a complaint when a plaintiff fails to set forth well-pleaded factual allegations that "raise a right to relief above the speculative level." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir.

---

[6] *Id.* at 1; R. Doc. No. 124, at 3.
[7] The Association is named as a separate defendant in this case. R. Doc. No. 6, at 1.
[8] R. Doc. No. 44, at 1.
[9] *See* R. Doc. No. 91, at 1 (the motion to dismiss, in which the filing attorney signed his name as "[a]ttorney for Mickal Adler and Adler Brands, LLC"). According to the motion, "[t]here is no entity known as 'Adler[']s Jewelry.'" R. Doc. No. 91-1, at 1.

2

2007). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547)).

A facially plausible claim is one in which "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If the well-pleaded factual allegations "do not permit the court to infer more than the mere possibility of misconduct," then "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).

The Court will generally not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Hicks v. Lingle*, 370 F. App'x 497, 498 (5th Cir. 2010); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, however, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

"Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). "Such error may be

3

ameliorated, however, if the plaintiff has alleged his best case, or if the dismissal was without prejudice." *Id.*

### III.

Adler argues that Riley's claims against him should be dismissed because he is not mentioned at all in the amended complaint's factual allegations.[10] Upon reviewing the complaint in its entirety, the Court confirms that this is true; Adler's name only appears in the amended complaint's caption. As a result, the complaint cannot survive a Rule 12(b)(6) analysis: the Court cannot analyze the sufficiency of Riley's well-pleaded facts when there simply are none that pertain to Adler. This dearth of *any* facts linking Adler to the allegations of unlawful conduct enumerated in the amended complaint warrants dismissal of Riley's claims against him.

Furthermore, although Adler is listed in the caption as "Mikal [sic] Adler FQBA," the amended complaint's factual allegations are equally silent as to the Association. Neither Adler nor the Association is mentioned once in the 32 paragraphs, spanning 15 pages, that comprise the "factual background" section of Riley's amended complaint.

In her opposition to Adler's motion, Riley asserts that Adler was a board member of the Association; that he "gave the [Association] signing authority to author [a] letter on his behalf and in his capacity as a Board Member"; and that the

---

[10] R. Doc. No. 91-1, at 2. Riley argues that the motion to dismiss is premature because she filed a motion for leave to amend her complaint. R. Doc. No. 124, at 4. On November 19, 2018, almost four months after the original complaint was filed, Riley filed a motion for leave to amend her complaint. R. Doc. No. 170. The Court denied the motion.

4

Association "authored a letter that was detrimental to [Riley's] ability to get an alcohol license."[11] Even accepting these allegations as true, they do not state a claim for relief. Riley has offered nothing to explain how any of Adler or the Association's actions violated any state or federal law.[12]

Accordingly,

---

[11] R. Doc. No. 124, at 3.

[12] Riley's amended complaint indicates that she is seeking relief under 42 U.S.C. § 1983, among other laws. R. Doc. No. 6, at 25, 31, 34. "Section 1983 provides a private cause of action against those who, under color of law, deprive a citizen of the United States of 'any rights, privileges, or immunities secured by the Constitution and laws.'" *Goodman v. Harris Cty.*, 571 F.3d 388, 394–95 (5th Cir. 2009) (quoting 42 U.S.C. § 1983). In her opposition, Riley notes that "[a]ction taken 'under color of state law' is not limited to those actions taken pursuant to state law, but also includes 'misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" R. Doc. No. 124, at 5 (quoting *Brown v. Miller*, 631 F.2d 408, 411 (5th Cir. 1980)). While that may be an adequate summary of the law, Riley has not alluded to facts suggesting that Adler's conduct comes within that framework, either as an individual or as a board member of the Association. In other words, Riley has failed to plead any "factual content that allows the [C]ourt to draw the reasonable inference that [Adler] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In her opposition, Riley argues that the "[d]efendants' actions are in keeping with the dark history of Louisiana that effectively blocks the Constitutional rights of some at the unlawful imposition of others." R. Doc. No. 124, at 2. She describes her complaint as illuminating a "conspiracy to deny a Medically Retired US Army Soldier, a Disabled Veteran, a Citizen of Louisiana, a Natural born Citizen of the United States of America, and a descendant of enslaved people of African Descent the right to due process, the right to property, and [the] lawful right to pursuit [sic] opening a lawful business which would afford [Riley] the means to provide for herself and family." *Id.*

The Court does not take such allegations lightly. However, the Court's obligation at this stage of the litigation is not to evaluate the merits of Riley's lawsuit. Rather, the Court must determine, from the face of her amended complaint, whether Riley has stated a claim for relief against Adler under the law. As explained herein, the Court concludes that she has not.

**IT IS ORDERED** that the motion to dismiss is **GRANTED** as to Mickal Adler, incorrectly referred to as Mikal Adler FQBA in the complaint, and that Tracy Riley's claims against Mickal Adler are **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, November 26, 2018.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**