# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRACY RILEY** | **CIVIL ACTION** |
| **VERSUS** | **No. 18-6984** |
| **OFFICE OF ALCOHOL & TOBACCO CONTROL OF THE LOUISIANA DEPARTMENT OF REVENUE, ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is defendant Jessica Sparrow's ("Sparrow") motion[1] to dismiss *pro se* plaintiff Tracy Riley's ("Riley") complaint pursuant to Federal Rule of Civil Procedure 12(b)(5).[2] For the following reasons, the motion is granted.

### I.

In July 2018, Riley filed this lawsuit against over 100 individuals and entities.[3] Sparrow moves the Court to dismiss Riley's claims against her for insufficient service of process.[4] Federal Rule of Civil Procedure 12(b)(5) permits a court to dismiss a complaint based on insufficient service of process. "In the absence of valid service of process, proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981). If a defendant is not properly served within 90 days of the filing of the complaint, the court must dismiss

---

[1] R. Doc. No. 102.
[2] The present motion was set for submission on November 28, 2018. Accordingly, any written opposition to the motion was due on November 20, 2018. To date, Riley has not filed an opposition. The Court, therefore, considers the motion unopposed.
[3] *See* R. Doc. No. 1, at 1–3. An amended complaint was filed on September 12, 2018. R. Doc. No. 6.
[4] R. Doc. No. 102-1, at 1.

the action or order that service be made within a specified time. Fed. R. Civ. P. 4(m); *see also Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996); *Price v. Hous. Auth. of New Orleans*, No. 09-4257, 2010 WL 3802553, at *2 (E.D. La. Sept. 10, 2010) (Vance, J.). However, Rule 4 also provides that, if the plaintiff shows good cause for her failure, the court must extend the deadline for effecting service "for an appropriate period." Fed. R. Civ. P. 4(m). The plaintiff bears the burden of establishing "good cause for failure to effect timely service." *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

To the best of the Court's knowledge, the Fifth Circuit has not addressed the question of whether the filing of an amended complaint restarts the 90-day period during which the plaintiff must effect service. However, other courts have concluded that, when the plaintiff files an amended complaint, the service period does not restart as to those defendants named in the original complaint. *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006); *Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004); *see also UWM Student Ass'n v. Lovell*, 888 F.3d 854, 859 (7th Cir. 2018); *Warren v. Bituminous Cas. Corp.*, No. 13-2354, 2014 WL 348544, at *2 (E.D. La. Jan. 31, 2014) (Milazzo, J.).

"This construction of the rule prevents the plaintiff from repeatedly filing amended complaints to 'extend the time for service indefinitely.'" *Bolden*, 441 F.3d at 1148 (quoting *Del Raine v. Carlson*, 826 F.2d 698, 705 (7th Cir. 1987)). In an October 31, 2018 order, the Court explained that it finds such reasoning persuasive and

2

adopted the approach of the foregoing courts.[5] Because Sparrow was named as a defendant in the original complaint, and the original complaint was filed on July 25, 2018, Riley was required to serve Sparrow by no later than October 24, 2018.[6]

Proof of good cause for failure to effect service "requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (quoting *Winters*, 776 F.2d at 1306). "Additionally, some 'showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required.'" *Id.* If the Court finds good cause, it *must* extend the time for service. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996); *see also* Fed. R. Civ. P. 4(m). If the Court does not find good cause, it may, in its discretion, either extend time for service or dismiss the case without prejudice. *Thompson*, 91 F.3d at 21; *Lindsey*, 101 F.3d at 446 n.2.

"[S]ervice of process by *pro se*, [*in forma pauperis*] litigants is governed by '[s]pecial,' or more lenient, rules." *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344

---

[5] R. Doc. No. 101, at 2.
[6] Some courts recognize an exception to the general 90-day rule of timely service for plaintiffs appearing *in forma pauperis*. *See Overstreet v. Tangipahoa Parish Sheriff's Office*, No. 06-2425, 2007 WL 756440, at *2 (E.D. La. Mar. 8, 2007) (Africk, J.). Those courts hold that the 90-day period provided in Rule 4(m) begins to run only after the court grants the plaintiff's application to proceed *in forma pauperis*. *Id.* Riley's motion for leave to proceed *in forma pauperis* was granted on July 26, 2018, meaning that— even under the exception tolling the deadline—Riley was required to serve the defendants named in the original complaint by no later than October 24, 2018.

(5th Cir. 2007) (italics added) (quoting *Lindsey*, 101 F.3d at 446).[7] "Nonetheless, when the failure of effective service may be ascribed to the plaintiff's 'dilatoriness or fault' or 'inaction,' the case may be properly dismissed." *Id.* at 344–45 (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1109–10 (5th Cir. 1987)).

## II.

Sparrow contends that she was not properly served in accordance with Rule 4.[8] Rule 4(e) governs service of process on an individual:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

---

[7] In *Lindsey*, the Fifth Circuit explained the "special" rules that govern *in forma pauperis* litigants. *Lindsey*, 101 F.3d at 446 (citing 28 U.S.C. § 1915(c), now § 1915(d), and Fed. R. Civ. P. 4(c)(2), now Rule 4(c)(3)).
[8] R. Doc. No. 102-1, at 3–4.

4

Generally, Rule 4(e) permits Riley to serve Sparrow in one of four ways: by personal service, by domiciliary service, by serving an authorized agent, or in compliance with Louisiana law. In Louisiana, "[s]ervice of . . . process may be either personal or domiciliary." La. Code Civ. P. art. 1231. Article 1232 provides that "[p]ersonal service is made when a proper officer tenders the citation or other process to the person to be served." Pursuant to article 1234, "[d]omiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment."[9]

The summons that was returned executed by the United States Marshals Service shows that Riley instructed the Deputy United States Marshal to serve Sparrow through an individual named Eliska Plunket ("Plunket"), who Riley listed as the human resources director for the law firm McGlinchey Stafford, PLLC ("McGlinchey Stafford").[10] The summons also reflects that copies of the summons and the complaint were left with an individual named Angela Martin.[11]

In her motion, Sparrow explains that, in the summer of 2013, she worked in New Orleans as a paralegal for McGlinchey Stafford, which is also a named defendant

---

[9] The Court has no information from which to conclude that Riley attempted to serve Sparrow pursuant to the Louisiana long-arm statute. La. Stat. Ann. §§ 13:3201, 13:3204(A).
[10] *See* R. Doc. No. 85, at 1.
[11] *Id.*

5

in this case.[12] The majority of the events underlying Riley's claims took place around that time.[13]

In support of her motion, Sparrow submitted a sworn affidavit in which she attests to fact that, in May 2014, she terminated her employment with McGlinchey Stafford and moved to Montana, where she resided through October 2016.[14] Then, in November 2016, Sparrow moved to California, where she has lived ever since.[15]

Neither Sparrow nor Riley have suggested that Sparrow designated Plunket, who is purportedly McGlinchey Stafford's human resources director, to receive service of process on Sparrow's behalf. Sparrow has not lived in Louisiana since May 2014. Riley has also not filed an opposition to the present motion. Riley has not met her burden of establishing good cause for her failure to properly effect service of process on Sparrow.

---

[12] R. Doc. No. 102-1, at 2; R. Doc. No. 6, at 1.
[13] *See* R. Doc. No. 6, at 12–25.
[14] R. Doc. No. 102-2, at 1. The Court may consider such affidavits when ruling on a Rule 12(b)(5) motion to dismiss. *See Thomas v. New Leaders for New Schs.*, 278 F.R.D. 347, 351 (E.D. La. 2011); *see also Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012).
[15] R. Doc. No. 102-2, at 1. Sparrow claims that she was never personally served nor served via domiciliary service as required by Rule 4. R. Doc. No. 102-1, at 4. According to Sparrow, Riley "merely dropped the complaint and amended complaint at a location where [she] does not work, in a State where she does not live, and failed to serve her personally." *Id.*

**III.**

Accordingly,

**IT IS ORDERED** that the motion to dismiss is **GRANTED**, for the reasons assigned and without opposition, and Tracy Riley's claims against Jessica Sparrow are **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, December 19, 2018.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**