UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRACY RILEY** | **CIVIL ACTION** |
| **VERSUS** | **No. 18-6984** |
| **OFFICE OF ALCOHOL & TOBACCO CONTROL OF THE LOUISIANA DEPARTMENT OF REVENUE, ET AL.** | **SECTION I** |

## ORDER

Before the Court are two motions to dismiss filed on behalf of a Louisiana agency and several current or former government officials and employees.[1] With respect to defendant Louisiana Office of Alcohol and Tobacco Control (the "ATC") and its current or former employees, defendants Emily Cassidy, Jessica Starns, and Juana Marine-Lombard (collectively, the "defendants"), the Court has determined that supplemental briefing is necessary to resolve the motions.

A state's sovereign immunity "extends to any state agency or entity deemed an 'alter ego' or 'arm' of the state." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002); *see also Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 689 (5th Cir. 2002) ("[T]he Eleventh Amendment will bar a suit if the defendant state agency is so closely connected to the State that the State itself is 'the real, substantial party in interest.'") (citing *Hudson v. City of New Orleans*, 174 F.3d 677, 681 (5th Cir.

---

[1] R. Doc. Nos. 154, 230.

1999)). The Fifth Circuit uses a six-factor test to determine whether an agency is an arm of the state. *Perez*, 307 F.3d at 326. The six factors are:

(1) whether state statutes and case law view the entity as an arm of the state;
(2) the source of the entity's funding;
(3) the entity's degree of autonomy;
(4) whether the entity is concerned primarily with local, as opposed to statewide, problems;
(5) whether the entity has the authority to sue and be sued in its own name; and
(6) whether the entity has the right to hold and use property.

*Id.* at 326–27. The defendants have not briefed whether the ATC and its current and former employees are entitled to Eleventh Amendment immunity under this test.

Accordingly,

**IT IS ORDERED** that the defendants shall file a supplemental memorandum in support of their motions as to why they are entitled to Eleventh Amendment immunity under the Fifth Circuit's six-factor test by **JANUARY 4, 2019.**

**IT IS FURTHER ORDERED** that, if plaintiff Tracy Riley intends to file an opposition to the supplemental memorandum, she shall do so by **JANUARY 18, 2019.**

New Orleans, Louisiana, December 21, 2018.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**