UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRACY RILEY | CIVIL ACTION |
| VERSUS | No. 18-6984 |
| OFFICE OF ALCOHOL & TOBACCO CONTROL OF THE LOUISIANA DEPARTMENT OF REVENUE, ET AL. | SECTION I |

## ORDER & REASONS

On July 25, 2018, *pro se* plaintiff Tracy Riley ("Riley") filed the above-captioned matter against over 100 individuals and entities.[1] On September 12, 2018, she filed an amended complaint, adding numerous defendants to the case.[2] On July 26, 2018, the United States Magistrate Judge granted Riley's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[3] Riley's amended complaint is unclear, but it arguably asserts claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, Article I §§ 2 and 3 of the Louisiana Constitution, and several additional state law claims.[4] Riley also seeks attorneys' fees pursuant to 42 U.S.C. § 1988.[5]

---

[1] *See* R. Doc. No. 1, at 1–3.
[2] *See generally* R. Doc. No. 6.
[3] R. Doc. No. 3. Although the Court revoked Riley's *in forma pauperis* status at an in-court hearing on December 12, 2018, R. Doc. No. 239, it later rescinded that order and reinstated her *in forma pauperis* status upon motion for reconsideration. *See generally* R. Doc. No. 253.
[4] *Id.* at 4, 25, 29, 31, 38. The amended complaint makes fleeting reference to several state law claims: "(a) trespass to property; (c) [sic] false citation (d) unlawful touching; and unlawful local government taking and/or expropriation." *Id.* at 39 ¶ 59.
[5] *Id.* at 40.

A court "shall dismiss" an *in forma pauperis* case "at any time" if the court determines that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Consequently, a court may raise the defense of limitations *sua sponte* in a lawsuit filed *in forma pauperis* under 28 U.S.C. § 1915. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (citing *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)); *see also Fasola v. Immigration & Naturalization Serv.*, No. 02-31161, 2003 WL 21016905, at *1 (5th Cir. Apr. 11, 2003). "[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915(d)." *Gartrell*, 981 F.2d at 256.

On December 27, 2018, the Court issued an order explaining that plaintiff Tracy Riley's federal law and state tort law claims appear to be barred by the applicable statutes of limitations.[6] Numerous defendants had raised the issue in their motions to dismiss.[7] Although Riley had responded to several of the motions, the Court gave her additional time to submit a memorandum of fact and law addressing whether her federal law and state tort law claims against the defendants are time-barred.[8] On January 10, 2019, she filed her memorandum.[9] After reviewing the complaint, Riley's memorandum, and the applicable law, the Court concludes that Riley's federal law and state tort law claims are time-barred.

---

[6] R. Doc. No. 253, at 2.
[7] *See, e.g.*, R. Doc. Nos. 88, 93, 98, 228.
[8] *Id.* at 3.
[9] *See generally* R. Doc. No. 262.

2

**I.**

Riley asserts federal law claims under 42 U.S.C. §§ 1983, 1985, and 1986. "Section 1983 provides a private cause of action against those who, under color of law, deprive a citizen of the United States of 'any rights, privileges, or immunities secured by the Constitution and laws,'" *Goodman v. Harris Cty.*, 571 F.3d 388, 394–95 (5th Cir. 2009) (quoting 42 U.S.C. § 1983), and a § 1985 claim alleges a conspiracy to deprive a person of equal protection of the laws. *See* 42 U.S.C. § 1985; *see also Whitehurst v. Wright*, 592 F.2d 834, 840 (5th Cir. 1979) (explaining that the "essence" of a claim under either § 1983 or § 1985 is the deprivation of a person's constitutional rights).[10] Section 1986 "imposes liability for neglect in preventing § 1985 violations." *Doucet v. Wadja*, No. 92-4058, 1993 WL 92527, at *4 (E.D. La. Mar. 22, 1993) (Feldman, J.). Accordingly, a "§ 1986 [claim] requires the existence of a valid claim under § 1985." *Bradt v. Smith*, 634 F.2d 796, 799 n.3 (5th Cir. Unit A Jan. 1981). Riley also asserts several Louisiana constitutional and tort law claims.

"The statute of limitations for Section 1983 claims is 'the forum state's personal-injury limitations period,' which in Louisiana is one year." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016) (quoting *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998)). "In applying the forum state's statute of limitations, the federal court should also give effect to any applicable tolling provisions." *Id.* (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993)). Courts apply the same

---

[10] Section 1985 enumerates three causes of action. 42 U.S.C. §§ 1985(1)–(3). Riley's amended complaint does not specify which subsection serves as the basis for her conspiracy claim.

3

standard for § 1985 claims. *Helton*, 832 F.2d at 334; *Green v. Grampre*, 388 F. App'x 437, 438 (5th Cir. 2010). Section 1986 explicitly provides for a one-year statute of limitations. 42 U.S.C. § 1986 ("[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."). Accordingly, the limitations period for Riley's federal law claims is one year.

"Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gartrell*, 981 F.2d at 257. "As a result, the limitations period begins 'when the plaintiff is in possession of the 'critical facts that he has been hurt and who has inflicted the injury.'" *Smith*, 827 F.3d at 421 (quoting *Gartrell*, 981 F.2d at 257); *see also Helton v. Clements*, 832 F.2d 332, 335 ("[A]ny cause of action against the defendants accrued as soon as plaintiff knew or should have known of the overt acts involved in the alleged conspiracy.").

To determine when Riley's federal law claims accrued, the critical inquiry is when Riley knew or had reason to know of the injuries forming the basis of her amended complaint. Knowledge in this context has two components: awareness of the injuries and the connection between the injuries and the defendants' actions. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 762 (5th Cir. 2015). "'[A]wareness' for accrual purposes does *not* mean actual knowledge; rather, all that must be shown is the existence of 'circumstances [that] would lead a reasonable person to investigate further.'" *Id.* (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir.

4

2001)). Furthermore, Riley need not have known that a legal cause of action exists for her claims; she only needed to be aware of the facts that support such claims. *Id.*

Generally speaking, Riley alleges that dozens of individuals, organizations, and government officials conspired to prevent her from successfully running her business, the Rouge House.[11] In her opposition, Riley explains that "evidence will show the conspiracies that ultimately lead to the Plaintiff's business, The Rouge House LLC['s] eviction from the business'[s] French Quarter location."[12] She alleges that the eviction was the result of "the denial of the essential revenue generating Louisiana State Alcohol permit application," which "creat[ed] [Riley's] financial inability to pay for the property . . . [,] [t]hereby achieving the Defendants' goal to shut [her] business down and cause [her] to leave the neighborhood and district."[13] This is the core of Riley's amended complaint.

More specifically, Riley alleges that, in June 2013, she entered into a lease agreement so that she could open the Rouge House.[14] Over the course of several months, starting in July 2013, Riley alleges that she was wrongly accused of violating local ordinances and the conditions of certain permits and that, as a result of the accusations, she was twice denied an alcohol permit.[15] She also alleges that, because of the false allegations made against her, Riley's landlords refused to allow her to

---

[11] *See, e.g.*, R. Doc. No. 126, at 2–3.
[12] R. Doc. No. 209, at 2.
[13] *Id.* at 2–3.
[14] R. Doc. No. 6, at 12–13.
[15] *Id.* at 13–14.

5

operate under their alcohol permit.[16] Riley contends that her inability to obtain a permit, or to use her landlords' permit, "interfered with her business activities" in such a way that she was "unable to pay rent."[17] According to Riley, "an alcohol permit is an important factor for a successful business operation" in her industry.[18]

Riley's allegations of obstructionist conduct and unsubstantiated accusations extend into August 2013, during which time she alleges that organizations in the French Quarter launched a racially discriminatory campaign to prevent her from obtaining an alcohol permit and operating the Rouge House.[19] Many of the allegations target the Louisiana Office of Alcohol and Tobacco Control (the "ATC") and its handling of her permit applications.[20] According to Riley, the ATC made an effort to "catch" her purported wrongdoings—which she alleges were manufactured.[21]

At a hearing held to afford Riley an opportunity to provide additional information in support of her applications, ATC agents and their associates allegedly yelled at Riley, directed accusations at her, and accused her of having a behavior disorder.[22] The amended complaint also alleges that the ATC conducted numerous inspections of the Rouge House, "for no cause," and issued Riley several unwarranted citations.[23] Riley's allegations span several years. Most of the facts comprising the

---

[16] *Id.* at 14.
[17] *Id.* at 15.
[18] *Id.*
[19] *See id.* at 18–19.
[20] *See id.* at 16–25.
[21] *Id.* at 18.
[22] *Id.* at 21.
[23] *Id.* at 22, 27.

6

allegations took place in mid to late-2013 and early 2014. However, the latest date in the amended complaint that relates to her federal law claims is January 14, 2014—the date on which Riley received notice of the ATC's denial of her application for an alcohol permit, and four years prior to Riley filing the present lawsuit.[24] In fact, Riley also alleges that she was ultimately evicted from the building in which she was operating the Rouge House in January 2014.[25]

Riley has not argued that she only learned about the facts underlying her claims years after they happened, and nothing in the amended complaint suggests that it was not until after January 2014 that Riley become aware that her rights under federal law were allegedly being violated. Furthermore, nothing in the amended complaint indicates that Riley did not understand the connection between the harm she allegedly suffered and the defendants' alleged conduct. Riley either knew or should have known of the injuries that form the basis of her federal law claims by no later than January 2014, and her federal law claims are time-barred by more than three years.

In her memorandum, Riley argues that "[t]he Defendants' actions and publications against [her] consecutively occurred during the years 2013, 2014, 2015, 2016, 2017, and 2018."[26] According to Riley, "[a]n inquiry into whether an alleged

---

[24] *Id.* at 24.
[25] *Id.* Specifically, Riley states that she did not receive notice of the denial of her application for an alcohol permit until "over a month later on January 14th 2014 around the same time as the execution of her eviction from the premises." *Id.* The amended complaint also states that, "On January 26 2014 the eviction was executed." *Id.* at 23.
[26] R. Doc. No. 262, at 3.

7

series of incidents constitutes a 'continuing violation' and thus exempts [her] claims from the normal time limitations" is a fact-specific inquiry.[27] The Court liberally construes Riley's argument to assert the continuing tort theory.

The continuing tort doctrine acts as an exception to the one-year prescriptive period under Louisiana law. "For the purpose of determining when prescription starts to run, Louisiana distinguishes between injuries resulting from continuous operating causes and those that result from discontinuous operating causes." *Young v. United States*, 727 F.3d 444, 448 (5th Cir. 2013).

> When the operating cause of the injury is continuous, giving rise to successive damages, prescription begins to run from the day the damage was completed and the owner acquired, or should have acquired, knowledge of the damage. . . . When the operating cause of the injury is discontinuous, there is a multiplicity of causes of action and of corresponding prescriptive periods.

*Hogg v. Chevron USA, Inc.*, No. 09-2632, p. 16 (La. 7/6/10); 45 So. 3d 991, 1003 (citation omitted). When the face of the complaint establishes that a plaintiff's claims have prescribed, and she attempts to avail herself of the continuing tort theory, the plaintiff bears the burden of establishing its applicability. *In re Med. Review Panel for Maria Moses*, 00-2643, p. 6 (La. 5/21/01); 788 So.2d 1173, 1177.

Riley offers several facts in support of this argument, none of which are availing. First, she notes that the defendants' "defamatory statements have been published and republished each year through 2017."[28] Disputing one defendant's contention that the bulk of the alleged conduct underlying her claims occurred in

---

[27] *Id.* at 10.
[28] *Id.* at 3.

8

2013, she argues that "the harm [she] suffers is rooted in the Defendants' defaming characterization of Plaintiff and her business."[29] However, although Riley alludes to defamatory statements in her amended complaint, the complaint does not include a cause of action for defamation.[30]

Additionally, Riley has included in her memorandum a timeline of events to demonstrate that her claims are not time-barred.[31] None of the events listed within one year of the date on which she filed her complaint support her contention that her federal law claims are timely. Furthermore, none of the events suggest that any of Riley's claims constitute a continuing tort. The events include: when a racial bias lawsuit was settled against an unnamed ex-Louisiana official, when Riley filed appeals in several Louisiana state courts regarding lawsuits other than this one, when she received a letter from the current Governor of Louisiana (who is also a defendant) allegedly stating that he "reviewed and supported the ATC findings," and when Riley purportedly went on a hunger strike to protest racism.[32] Finally, to bolster her argument that the alleged wrongful conduct is ongoing, Riley states that, in an effort to resolve this matter, she has visited with "most all management and department personnel at City of New Orleans Safety and Permits, [the ATC], [and] the Governor's special staff and constituent services . . . thru [sic] 2018."[33] But these

---

[29] *Id.* at 4.
[30] *See, e.g.*, R. Doc. No. 6, at 14 (stating that one of the defendant's actions "were defaming and set an adversarial tone for [Riley's] attempts to obtain local occupational and local liquor licenses/permits").
[31] R. Doc. No. 262, at 6–7.
[32] *Id.*
[33] *Id.* at 9.

9

contentions do not refute the fact that Riley's claims are time-barred based on the face of the amended complaint.

A review of the myriad of filings Riley has submitted demonstrates that Riley's claims stem from what she purports was a conspiracy to deprive her of the alcohol permits necessary to sustain her business. Even if some or all of the 100-plus defendants in this case have engaged in other, unlawful behavior since January 2014, that behavior would not affect the untimeliness of the claims currently before the Court.

As to Riley's claim for attorney's fees under § 1988, "the purpose of section 1988 is not to compensate a worthy advocate but to enable and encourage a wronged person to retain a lawyer." *De Mino v. Achenbaum*, 136 F. App'x 695, 696 (5th Cir. 2005) (quoting *Cofield v. City of Atlanta*, 648 F.2d 986, 988 (5th Cir. Unit B June 1981)). As a *pro se* litigant, Riley is not entitled to recover attorney's fees under § 1988. *Id.* For the foregoing reasons reasons, the Court finds that Riley's federal law claims are prescribed or without merit, warranting their dismissal.

## II.

Similarly, Riley's state law tort claims are barred by Louisiana's prescription laws. *See* La. Civ. Code art. 3492; La. Stat. Ann. § 13:5111. Article 3492's one-year prescriptive period for delictual actions bars Riley's claim for trespassing. *See Hirstius v. BellSouth Telecomms., Inc.*, 12-2104, p. 5 (La. App. 1 Cir. 8/14/13); 123 So.3d 276, 279 (explaining that a lawsuit seeking damages for trespass is a tort action subject to article 3492); *Estate of Patout v. City of New Iberia*, 97-1097, p. 2, 9 (La.

App. 3 Cir. 3/6/98); 708 So.2d 526, 526, 530 (noting that article 3492 applies to a trespassing claim). It also bars her claim for "unlawful touching," or battery. *See Hazlett v. St. Tammany Parish Sheriff's Office*, No. 18-5266, 2018 WL 4386104, at *2 (E.D. La. Sept. 14, 2018) (Zainey, J.) (applying Louisiana's one-year prescriptive period to several state law claims, including a claim for battery); *Cacioppo v. Alton Ochsner Found. Hosp.*, 01-808, p. 5 (La. App. 5 Cir. 12/26/01); 806 So.2d 803, 805 (explaining that claims for battery are subject to article 3492).

Riley's amended complaint does not explain the basis for her takings claim. However, any such claim is subject to a three-year prescriptive period. La. Stat. Ann. § 13:5111. Pursuant to § 5111, "[a]ctions for compensation for property taken by the state, parish, municipality, or other political subdivision or any one of their respective agencies shall prescribe three years from the date of such taking." Assuming that Riley has a takings claim, she was evicted from the property in which the Rouge House was doing business in January 2014; therefore, any possible takings claim prescribed in 2017.[34]

---

[34] Riley asserts a claim for an "unlawful local government taking and/or expropriation." R. Doc. No. 6, at 39. The assertion includes no further detail. As explained herein, any takings claim was subject to a three-year prescriptive period. To the extent that Riley is seeking damages caused by the expropriation of her property, such claims are subject to a two-year prescriptive period. La. Stat. Ann. §§ 19:2, 19:2.1(B). The period commences "on the date on which the property was actually occupied and used for the purposes of the expropriation." § 19:2.1(B). Using the latest relevant date in Riley's amended complaint, any compensation claim arising out of an expropriation is time-barred.

Finally, although Riley references a "false citation" claim, the Court is not aware of such a cause of action, and Riley does not elaborate further. Count three alleges that the ATC unjustly issued Riley citations. *See* R. Doc. No. 6, at 29–30. But Riley alleges

**III.**

To the extent that Riley has also asserted claims under the Louisiana Constitution, the Court declines to exercise supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."). None of the factors of judicial economy, convenience, or fairness weigh in favor of retaining jurisdiction over the remaining claims. A scheduling order has not been issued yet—meaning a trial date has not been set. Some of the defendant have not even been served. The case has been pending in federal court for less than six months, and the Court is not yet invested in Riley's state constitutional claims. *See Batiste v. Island Records*, 179 F.3d 217, 227–28 (5th Cir. 1999).

Accordingly,

**IT IS ORDERED** that Tracy Riley's federal law and state tort law claims against all of the defendants, except Bobby Jindal, Jessica Starns, Emily Cassidy, John Bel Edwards, Jeff Landry, Juana Marine-Lombard, and the Office of Alcohol and Tobacco Control of the Louisiana Department of Revenue, are **DISMISSED WITH PREJUDICE.**[35]

---

that the citations violated her constitutional rights, *id.* at 30–31, claims that the Court has already addressed.

[35] Defendants Bobby Jindal, Jessica Starns, Emily Cassidy, John Bel Edwards, Jeff Landry, Juana Marine-Lombard, and the Office of Alcohol and Tobacco Control of the Louisiana Department of Revenue have filed motions to dismiss based on a defense of sovereign immunity pursuant to the Eleventh Amendment of the United States Constitution. R. Doc. Nos. 154, 230. The Eleventh Amendment, which "grants a State

**IT IS FURTHER ORDERED** that Tracy Riley's remaining state law claims against all of the defendants, except Bobby Jindal, Jessica Starns, Emily Cassidy, John Bel Edwards, Jeff Landry, Juana Marine-Lombard, and the Office of Alcohol and Tobacco Control of the Louisiana Department of Revenue, are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Tracy Riley's request for attorney's fees is **DENIED.**

New Orleans, Louisiana, January 11, 2019.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

immunity from suit in federal court by citizens of other States, and by its own citizens as well, . . . operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state." *Union Pac. R.R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011) (citations omitted). Therefore, the Court must determine whether the foregoing defendants are entitled to sovereign immunity, and this Order does not apply to them.