UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRACY RILEY** | **CIVIL ACTION** |
| **VERSUS** | **No. 18-6984** |
| **OFFICE OF ALCOHOL & TOBACCO CONTROL OF THE LOUISIANA DEPARTMENT OF REVENUE, ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court are two motions to dismiss—the first motion[1] filed on behalf of Emily Cassidy, Jessica Starns, and former Governor Bobby Jindal, and the second motion[2] filed on behalf of Commissioner Juana Marine-Lombard, Louisiana Attorney General Jeff Landry, Governor John Bel Edwards, and the Office of Alcohol and Tobacco Control of the Louisiana Department of Revenue (the "ATC") (collectively, the "defendants"). Both motions move for the dismissal of plaintiff Tracy Riley's ("Riley") claims against the defendants pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the motions are granted under Rule 12(b)(1).

### I.

In July 2018, Riley filed this lawsuit against over 100 individuals and entities.[3] Riley's amended complaint is unclear, but it arguably asserts claims pursuant to 42

---

[1] R. Doc. No. 154.
[2] R. Doc. No. 230.
[3] *See* R. Doc. No. 1, at 1–3. An amended complaint was filed on September 12, 2018. R. Doc. No. 6.

U.S.C. §§ 1983, 1985, and 1986, Article I §§ 2 and 3 of the Louisiana Constitution, and several additional state law claims.[4] The defendants move to dismiss Riley's claims against them for several reasons.

The defendants first argue that the Court lacks subject matter jurisdiction because they are entitled to sovereign immunity pursuant to the Eleventh Amendment.[5] Riley's amended complaint states that she is suing Bobby Jindal in his official capacity as former governor of Louisiana; Jessica Starns in her official capacity as an attorney for the ATC; Juana Martine-Lombard in her official capacity as commissioner of the ATC; Jeff Landry in his official capacity as the attorney general of Louisiana; and John Bel Edwards in his official capacity as the governor of Louisiana.[6] Without subject matter jurisdiction, the Court cannot proceed; therefore, the Court will first address the matter of Eleventh Amendment immunity.[7]

---

[4] *See generally* R. Doc. No. 6. Riley also seeks attorney's fees pursuant to 42 U.S.C. § 1988. However, on January 11, 2019, the Court held that Riley was not entitled to attorney's fees as a *pro se* litigant. *See* R. Doc. No. 263, at 10.

[5] R. Doc. No. 154-1, at 1.

[6] R. Doc. No. 6, at 5, 6. According to the motion to dismiss, Jessica Starns is no longer an attorney for the ATC. *See* R. Doc. No. 154, at 1.

[7] The amended complaint lists Emily Cassidy ("Cassidy") as a defendant using the words "Emily Cassidy (ATC)," R. Doc. No, 6, at 2, 6, so it is difficult to discern whether Riley is suing Cassidy in her individual capacity or in her official capacity as a former administrative assistant for the ATC. R. Doc. No. 154, at 1. Some courts hold that, when a plaintiff's complaint does not designate the capacity in which she is suing a defendant, the complaint should be interpreted to include only official-capacity claims. *See, e.g.*, *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007); *Soper v. Hoben*, 195 F.3d 845, 853 (6th Cir. 1999).

The Fifth Circuit, however, has applied a "course of proceedings" approach, under which the course of the proceedings is used to determine the nature of the liability the plaintiff seeks to impose. *See United States v. Regents of the Univ. of Cal.*, 363 F.3d 398, 402–03 (5th Cir. 2004) (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n.14

## II.

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United* States, 281 F.3d 158, 161 (5th Cir. 2001).

---

(1985)); *see also Williams v. Crowe*, No. 09-6440, 2011 WL 743426, at *2 (E.D. La. Feb. 22, 2011) (Vance, J.) ("When the complaint is not clear whether the defendant is named in his individual or official capacity, the Court must look to the substance of the claims, the relief sought, and the course of the proceedings to determine in which capacity the defendant is sued.").

Unfortunately, the "course of proceedings" analysis is nearly impossible to apply here because Cassidy is not discussed in the amended complaint. She is listed as a defendant in the caption and the recitation of the parties, *see* R. Doc. No. 6, at 2, 6, but the factual allegations are silent as to Cassidy's role in this case. In fact, her name is not mentioned once in the thirty-two paragraphs, spanning fifteen pages, that comprise the "factual background" section of Riley's amended complaint; nor is she mentioned in the "claims for relief" section, which reiterates and expounds upon many of the facts underlying Riley's claims.

In her response to the motion to dismiss filed on behalf of Cassidy, Jessica Starns, and Bobby Jindal, Riley explained that "the State defendants are sued in their official capacities." R. Doc. No. 200, at 4. The Court takes Riley at her word in that regard.

The Court also notes that even if Cassidy is also a defendant in her individual capacity, the Court cannot analyze the sufficiency of Riley's well-pleaded facts under Rule 12(b)(6) because there simply are none that pertain to Cassidy. The dearth of any facts linking Cassidy to the allegations of unlawful conduct set forth in the amended complaint likewise warrants dismissal of Riley's claims against her. *See Hall v. Peck*, No. 16-13527, 2017 WL 745729, at *2 (E.D. La. Jan. 12, 2017) (North, M.J.), *adopted*, 2017 WL 788354.

3

"The Eleventh Amendment grants a State immunity from suit in federal court by citizens of other States, and by its own citizens as well." *Union Pac. R.R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011) (quoting *Lapides v. Bd. of Regents*, 535 U.S. 613, 616 (2002)). Thus, the Eleventh Amendment "operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state." *Id.* Eleventh Amendment immunity applies with equal force to state officials sued in their official capacities because official-capacity suits are construed as suits against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1992). Accordingly, Riley's claims against former Governor Bobby Jindal, Attorney General Jeff Landry, and Governor John Bel Edwards are effectively claims against the State of Louisiana.[8]

Whether the Eleventh Amendment applies to the remaining defendants—the ATC and its former and current employees—requires further analysis. A state's sovereign immunity "extends to any state agency or entity deemed an 'alter ego' or 'arm' of the state." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002); *see also Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 689 (5th Cir. 2002) ("[T]he Eleventh Amendment will bar a suit if the defendant state agency is so closely connected to the State that the State itself is 'the real, substantial party

---

[8] As an aside, it is irrelevant that some of the defendants no longer hold their positions as government employees. They are nonetheless shielded by Eleventh Amendment immunity because they are being sued in their previously held official capacities. *See, e.g.*, *Addlespurger v. Corbett*, 461 F, App'x 82, 86 (3d Cir. 2012) (holding that claims against the former attorney general of Pennsylvania, in his official capacity, were barred by the Eleventh Amendment); *Schrader v. Richardson*, 461 F. App'x 657, 660 (10th Cir. 2012) (holding that the Eleventh Amendment immunity analysis applied to the former governor of New Mexico).

4

in interest.'") (quoting *Hudson v. City of New Orleans*, 174 F.3d 677, 681 (5th Cir. 1999)).

The Fifth Circuit uses a six-factor test to determine whether an agency is an arm of the state. *Perez*, 307 F.3d at 326. The six factors are:

(1) whether state statutes and case law view the entity as an arm of the state;

(2) the source of the entity's funding;

(3) the entity's degree of autonomy;

(4) whether the entity is concerned primarily with local, as opposed to statewide, problems;

(5) whether the entity has the authority to sue and be sued in its own name; and

(6) whether the entity has the right to hold and use property.

*Id.* at 326–27. "No one factor is dispositive," although the Fifth Circuit "[has] deemed the source of an entity's funding a particularly important factor because a principal goal of the Eleventh Amendment is to protect state treasuries." *Id.* at 327; *see also Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147–48 (5th Cir. 1991) ("[T]he most significant factor in assessing an entity's status is whether a judgment against it will be paid with state funds.").

On December 21, 2018, the Court ordered the defendants to submit supplemental briefing with respect to the six-factor immunity test.[9] After reviewing the brief, Riley's response to the motion to dismiss filed by Bobby Jindal, Jessica

---

[9] R. Doc. No. 250.

5

Starns, and Emily Cassidy, and the relevant law, the Court concludes that Riley's claims against the ATC and its former and current employees are effectively claims against Louisiana, and the ATC-affiliated defendants are entitled to sovereign immunity.[10] This conclusion is compelled by the fact that the ATC is an administrative unit of an executive agency; its sole source of funding is Louisiana and, therefore, any judgment of this Court would be defended and paid for by Louisiana; the ATC is answerable to the Governor and thus has limited authority; and its day-to-day activities are concerned primarily with statewide problems.[11]

Having concluded that the ATC is an "arm of the state" and that all of the other moving defendants are officials within the ambit of the Eleventh Amendment, the Court must determine whether the amendment's grant of immunity applies here. Eleventh Amendment immunity is subject to only two exceptions: waiver and abrogation. *Perez*, 307 F.3d at 326. "Absent a waiver or valid abrogation, 'federal courts may not entertain a private person's suit against a State.'" *Morris v. Livingston*, 739 F.3d 740, 745 (5th Cir. 2014) (quoting *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254 (2011)).

Congress has not abrogated states' immunity under any of the federal statutes listed in Riley's amended complaint. *See Richardson v. S. Univ.*, 118 F.3d 450, 453 (5th Cir. 1997) (holding that Congress has not abrogated sovereign immunity for

---

[10] Riley did not file a response to the motion dismiss filed on behalf of John Bel Edwards, Bobby Jindal, Jeff Landry, Juana Marine-Lombard, and the ATC. Notwithstanding the lack of opposition, the Court addresses the merits of both motions to dismiss herein.

[11] *See generally* R. Doc. No. 260.

§ 1983 lawsuits); *Early v. S. Univ. & Agric. & Mech. College Bd. of Supervisors*, 252 F. App'x 698, 700 (5th Cir. 2007) (dismissing the plaintiff's §§ 1985 and 1986 claims pursuant to the Eleventh Amendment). Additionally, Louisiana has not waived its immunity to any of Riley's claims. "[W]aiver is present if the state voluntarily invokes federal-court jurisdiction or if it makes a 'clear declaration' that it intends to submit to federal jurisdiction. *Union Pac. R.R. Co.*, 622 F.3d at 340 (quoting *College Sav. Bank v. Fl. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675–76 (1999)). By statute, "Louisiana has expressly declined to waive its immunity under the Eleventh Amendment." *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) (citing La. Stat. Ann. § 13:5106, which provides that "[n]o suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court"); *see also Khan v. S. Univ. & Agric. & Mech. College Bd. of Supervisors*, 2005 WL 1994301, at *2 (5th Cir. Aug. 19, 2005) ("Louisiana has not waived its immunity in federal court for state law claims."). Louisiana has not consented to Riley's lawsuit; consequently, the Court cannot proceed.

### III.

Based on the foregoing analysis, Riley's lawsuit is not excepted from Eleventh Amendment immunity, and the Court lacks subject matter jurisdiction over the claims at issue.

Accordingly,

**IT IS ORDERED** that the motions to dismiss are **GRANTED** pursuant to Rule 12(b)(1) of the Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Tracy Riley's claims against Emily Cassidy, Bobby Jindal, Jessica Starns, Juana Marine-Lombard, Jeff Landry, John Bel Edwards, and the Office of Alcohol and Tobacco Control of the Louisiana Department of Revenue are **DISMISSED WITHOUT PREJUDICE.**[12]

New Orleans, Louisiana, January 22, 2019.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[12] The motions to dismiss request that the Court dismiss Riley's claims with prejudice. R. Doc. No. 154, at 1; R. Doc. No. 230, at 2. However, "[b]ecause sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos Cty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996); *Anderson v. Jackson State Univ.*, 675 F. App'x 461, 464 (5th Cir. 2017); *see also Chenier v. Bd. of Supervisors for La. Sys.*, No. 16-4125, 2017 WL 3425442, at *12 (E.D. La. Aug. 8, 2017) (Brown, J.); *Stewart v. Gusman*, No. 07-4132, 2009 WL 10679822, at *3 (E.D. La. Jan. 5, 2009) (Barbier, J.).