UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRACY RILEY** | **CIVIL ACTION** |
| **VERSUS** | **No. 18-6984** |
| **OFFICE OF ALCOHOL & TOBACCO CONTROL OF THE LOUISIANA DEPARTMENT OF REVENUE, ET AL.** | **SECTION I** |

## ORDER

On July 25, 2018, *pro se* and *in forma pauperis* plaintiff Tracy Riley ("Riley") filed the above-captioned matter against over 100 individuals and entities.[1] She later filed an amended complaint, adding numerous defendants to the case.[2] The Court interpreted Riley's amended complaint to assert claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, Article I §§ 2 and 3 of the Louisiana Constitution, and several additional state law claims.[3] On January 11, 2019, the Court dismissed Riley's case, having determined that her federal law and state tort law claims were time-barred.[4]

On February 14, 2019, Riley filed a motion for reconsideration, which included a request that a three-judge panel be convened to review the Court's January 11, 2019

---

[1] *See* R. Doc. No. 1, at 1–3.
[2] R. Doc. No. 6.
[3] R. Doc. No. 263, at 1 (citing R. Doc. No. 6, at 4, 25, 29, 31, 38).
[4] *Id.* at 12. The Court declined to exercise supplemental jurisdiction over any remaining state law claims. *Id.* The only defendants to which the order did not apply were seven state actor defendants who had pending motions to dismiss based on a defense of sovereign immunity. The Court later granted those motions, dismissing Riley's claims against those defendants as well. R. Doc. No. 266, at 7–8.

order.[5] In the motion, Riley references a call docket hearing held in this case on December 18, 2018 in the undersigned's courtroom.[6] Riley cites to what she refers to as "Evidence 1," which is attached to the motion.[7] "Evidence 1" is a video recording of the December 2018 hearing. The video was taken without the Court's authorization, in violation of Local Rules 83.3.8 and 83.3.9.[8] As Riley notes in her motion, she similarly live streamed a conversation she had with court personnel from the *pro se* unit on the same day as the call docket hearing.[9] The U.S. Marshal Service has informed the Court that both videos are posted on her social media accounts.

Accordingly,

**IT IS ORDERED** that, effective immediately, should Tracy Riley seek to enter the United States District Court for the Eastern District of Louisiana, she shall identify herself to court security officers by name as well as by her status as the plaintiff in civil action number 18-6984.

**IT IS FURTHER ORDERED** that Tracy Riley is prohibited from entering the United States District Court for the Eastern District of Louisiana while in possession of any electronic device, including a cell phone.

---

[5] *See* R. Doc. No. 270, at 1; R. Doc. No. 270-1, at 1.
[6] R. Doc. No. 270, at 7, 18.
[7] *See id.*
[8] Strangely, Riley has not explained why it was necessary to record the proceeding, at which a court reporter was present to create a written record. Additionally, Riley is familiar with the local rules; she cites to them numerous times in her motion. *See* R. Doc. No. 270, at 6, 8, 21, 25.
[9] R. Doc. No. 270, at 10.

**IT IS FURTHER ORDERED** that, while in the United States District Court for the Eastern District of Louisiana, Tracy Riley shall be escorted by a court security officer.

**IT IS FURTHER ORDERED** that Tracy Riley shall immediately delete the video of the docket call hearing and the live-streamed video of her conversation with court personnel, both from December 18, 2018, from any social media account over which she has control. She shall not disseminate such videos to any person.

**IT IS FURTHER ORDERED** that the U.S. Marshal Service shall personally serve Tracy Riley with a copy of this order.

**IT IS FURTHER ORDERED** that Tracy Riley shall provide U.S. Deputy Marshal Nicholas Ingraham with copies of any of the foregoing videos that are in her actual or constructive possession.

**IT IS FURTHER ORDERED** that, within 24 hours of receipt of this order, Tracy Riley shall notify U.S. Deputy Marshal Nicholas Ingraham that she has complied with the terms of this order.

Tracy Riley's failure to abide by this order may result in the Court's imposition of sanctions against her. Tracy Riley may also be held in contempt of court.

New Orleans, Louisiana, February 21, 2019.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**