UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRACY RILEY** | **CIVIL ACTION** |
| **VERSUS** | **No. 18-6984** |
| **OFFICE OF ALCOHOL & TOBACCO CONTROL OF THE LOUISIANA DEPARTMENT OF REVENUE, ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is plaintiff Tracy Riley's ("Riley") request[1] for a statement of the reasons underlying the Court's February 21, 2019 order denying Riley's motion filed on February 14, 2019. The present motion is granted, and the reasons for the Court's denial are set forth herein.

Riley's previous motion appeared to request several forms of relief. Although it only explicitly requested review and reconsideration of the Court's January 11, 2019 order—which dismissed the majority of the over 100 defendants in this case—the motion also objected to the substance of the Court's January 22, 2019 order dismissing the remaining defendants.[2] The Court, therefore, construed the February

---

[1] R. Doc. No. 277.
[2] *See* R. Doc. No. 270, at 32–36. The Court's January 11, 2019 order dismissed all of the defendants except those state-actor defendants who had previously filed motions to dismiss based on an Eleventh Amendment defense. *See* R. Doc. No. 263, at 12–13. Then, on January 22, 2019, the Court ruled on the remaining motions to dismiss, holding that the state-actor movants were entitled to sovereign immunity. R. Doc. No. 266, at 7. As a result, the Court dismissed Riley's claims against those defendants without prejudice and for lack of subject matter jurisdiction. *Id.* at 7–8.

14th motion as a motion for reconsideration of the Court's dismissal of *all* of the defendants in this matter. Riley's motion also requested that the Court convene a three-judge panel to hear oral argument on, and ultimately review, the Court's aforementioned decisions.[3] Having reviewed the motion and the applicable law, the Court denied the motion.[4] Riley now requests that the Court provide the reasons for its denial—a request the Court obliges.

Pursuant to 28 U.S.C. § 2284(a), "[a] district court of three judges shall be convened when otherwise required by [an] Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." Riley has not challenged the apportionment of any congressional district or statewide legislative body. Moreover, Riley has not cited any authority or act of Congress in support of her request that a three-judge panel be convened to review the Court's dismissal of the defendants in this matter—nor could the Court find any such authority. As a result, the Court denied that particular request as foundationless.

With respect to Riley's request for reconsideration, the Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *Bass v. United States Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). The question of which

---

In Riley's February 14th motion, in addition to raising arguments in response to the Court's dismissal of the non-state-actor defendants in the January 11th order, she also argued that the state-actor defendants waived their sovereign immunity. R. Doc. No. 270, at 34.
[3] R. Doc. No. 270, at 37.
[4] R. Doc. No. 274.

procedural rule applies depends on the timing of such a motion. *Sentry Select Ins. Co. v. Home State Cty. Mut. Ins. Co.*, 582 F. App'x 284, 286 (5th Cir. 2014) (quoting *Lavaspere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)). A motion for reconsideration filed within twenty-eight days of the district court judgment being challenged is characterized as a motion to alter or amend the judgment and construed pursuant to Rule 59(e). *See id.* A motion for reconsideration filed more than twenty-eight days after the judgment is treated as a Rule 60(b) motion for relief from judgment. *See id.*; *see also Morris v. Gulf Coast Rail Grp., Inc.*, No. 07-5453, 2010 WL 2990069, at *1 (E.D. La. July 26, 2010) (Africk, J.). Riley filed her motion for reconsideration on February 14, 2019, within twenty-eight days of the Court's judgment. Accordingly, a Rule 59(e) analysis is appropriate.

A motion pursuant to Rule 59(e) "calls into question the correctness of a judgment." *Molina v. Equistar Chems. LP*, 261 F. App'x 729, 733 (5th Cir. 2008) (citing *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)). "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Templet*, 367 F.3d at 479 (quoting *Waltman v. International Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989)). Thus, "a Rule 59(e) motion 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 568 (5th Cir. 2003) (citing *Rosenzweig v. Azurix Corp.*, 332 F.2d 854, 863–64 (5th Cir. 2003)). "Reconsideration of a judgment

after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citation omitted).

In her motion, Riley exhausts almost thirty pages reciting the history of this case and lamenting what she characterizes as this Court's unfairness. Indeed, she makes it a point to highlight the undersigned's purported "inadequate comprehension" of, "lack of basic interpretation" of, and "non compliance" with both the Federal Rules of Civil Procedure and the local rules.[5] She also criticizes the "fraud," "malfeasance," "aggressi[on]," and "generally unhelpful culture" of, among others, numerous employees, the United States Marshals Service, and the *pro se* unit of the United States District Court's Clerk's Office.[6] However, regardless of Riley's ugly characterizations and myriad criticisms of this Court, its staff, and others, Riley has yet to identify a manifest error of law in any of the Court's orders dismissing the defendants in this matter; nor has she presented any new evidence. When, on page thirty, Riley finally articulates the legal basis for her request, she reiterates previously made arguments or elaborates on those arguments using information she could have submitted to the Court earlier—none of which warrants reconsideration under Rule 59(e).[7]

---

[5] R. Doc. No. 270, at 21.
[6] *Id.* at 6, 27, 31.
[7] The Court notes that, even if it were to consider the new arguments, Riley has not submitted any information that would change the Court's previous rulings.

Accordingly,

**IT IS ORDERED** that Riley's request for a statement of reasons underlying the Court's February 21, 2019 order is **GRANTED** as set forth herein.

New Orleans, Louisiana, March 28, 2019.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**